THE STATE *to the use of* KOCH V. ROEPER *et al., Appellants.*

1. **Executors and Guardians**: ANNUAL SETTLEMENTS: EVIDENCE. Annual settlements of guardians and executors do not constitute *prima facie* evidence in their behalf.

2. **Guardian**: BOND, ACTION ON BEFORE FINAL SETTLEMENT. A ward who has attained his majority, may sue on his guardian's bond before the latter has made final settlement in the probate court.

3. **Trustees' Investments**: MAL-ADMINISTRATION. Where a trustee makes an investment in his private capacity, and fails to indicate promptly that his investment is on account of the estate he has in charge, he, thereby, subjects himself to well grounded suspicion of mal-administration upon claiming it to have been on account of the estate, after loss or depreciation of the security taken by him.

| 82 | 57 |
| 31a | 280 |
| 82 | 57 |
| 98 | 269 |
| 82 | 57 |
| 44a | 122 |
| 82 | 57 |
| 45a | 495 |
| 82 | 57 |
| 108 | 32 |
| 82 | 57 |
| o80a | 405 |

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*E. T. & J. H. Farish* for appellants.

(1) The exclusion by the referee of the annual settlements made by the guardian was erroneous. While such settlements stand they are *prima facie*, and as such entitled to be introduced in evidence. (2) Under the facts and circumstances of this case, until the guardian's final settlement was passed upon by the probate court there was no breach of the bond sued upon. (3) The finding of the referee " that all of the investments made by defendant, Roeper, of the money of the relator was contrary to law and wrongfully made," is against the undisputed testimony in the cause.

*Finkelnburg & Rassieur* for respondent.

The report of a referee is equivalent to a special verdict. Such report is conclusive as to questions of fact, if there be any evidence to support them, and even where the record does not show all the evidence, the presumption is in favor of the finding. *West. Boat. Sav., etc., v. Kribben*, 43

Mo. 37; *Woodrow v. Younger,* 61 Mo. 395; *Franz v. Diet-reich,* 49 Mo. 95; *Johnson v. Long,* 72 Mo. 210; *Wiggins Ferry Co. v. Railroad Co.,* 73 Mo. 391. The referee did not err in excluding the annual settlements of the guardian, and not giving them weight as *prima facie* evidence. *Picot v. Biddle,* 35 Mo. 29; *Sheets v. Kirtly,* 62 Mo. 417; *In re Davis,* 62 Mo. 453. The relator was not precluded from bringing his suit on the bond until the guardian made final settlement. *State v. Rosswaag,* 3 Mo. App. 11; *Flach v. Fassen,* 3 Mo. App. 561.

MARTIN, C.—This was an action against the principal and sureties and of a guardian's bond brought by the ward after he had reached his majority. It is alleged in the petition that Bernard Roeper, as guardian of plaintiff, had received the sum of $10,904.43 in cash, and $1,031 in notes, on which notes he had collected $31.75; that said sums with interest became payable to the relator in October, 1877, when he arrived at his majority, but had not been paid. The guardian and one surety filed a joint answer, admitting the receipt of the money and notes, and setting up payments to and on account of the ward. The executrix of the other surety filed a general denial.

The cause was referred to a referee. After all the evidence had been heard and the case closed, the defendants, Roeper and Deuper, by leave of court, filed an amended answer, denying the receipt of the money and notes and all other allegations in the petition, and setting up as a defense in reduction of damages the aggregate credits taken by the guardian in his annual settlements, and also in the aggregate, all the investments of moneys by the guardian, alleged to have been approved by the probate court. The answer, also, included the statement that the guardian had filed a final settlement in the probate court, which had not been heard or passed upon.

These matters were put in issue by a replication.

The referee found that the guardian had received the

money and notes as set forth in plaintiff's petition, and allowed him certain credits. He, also, found that the investments claimed to have been made by the guardian were unlawful, and that certain parts of the moneys were, during a part of the time, used by the guardian because he could not invest the same, on which sums the referee charged him interest at the rate of six per cent per annum, with annual rests; that the balance of the money was wrongfully used by the guardian and could have been loaned out; and on said balance the referee charged the guardian interest at the rate of ten per cent per annum with annual rests. The balance found against the guardian amounted to $15,600.95.

To this report the defendants filed ten exceptions. The exception in which the defendants objected to the charge of interest at the rate of ten per cent with annual rests was sustained by the court, and in pursuance of such action the indebtedness of the guardian was reduced to $12,921.08 upon which judgment was entered. The plaintiff acquiesced in this ruling, so that the action of the court in respect to compounding interest does not come before us. The remaining exceptions were overruled, and need not be noticed except in so far as they have been brought to our attention, in the argument upon which defendants rely for a reversal.

The first point urged by defendants relates to the action of the referee in excluding the annual settlements of the guardian. These settlements were offered by the guardian and his co-defendants in their own behalf, under the pleadings as they stood before amendment. The learned counsel for defendants maintain in their brief that such settlements are *prima facie* evidence in their nature and should have been admitted for that reason. Whether a paper is or is not *prima facie* evidence depends upon the nature of it, and upon the parties asserting it, or against whom it is asserted in the trial. I apprehend that no court would be justified in holding that annual settlements

should be accepted at all times and under all circumstances as *prima facie* evidence. And I think it would be equally impossible to justly declare that they could not be *prima facie* evidence under any circumstances. These conclusions become apparent when we consider the purpose which an annual settlement is intended to subserve, and the matters which it usually contains.

In the case of *Picot v. Biddle*, 35 Mo. 29, Hon. R. M. Field, who had been a legislator, and who was, in his day, one of the ablest lawyers at the Missouri bar says: "The real purposes of these annual accountings, in the contemplation of the legislature, were these: 1. To keep the probate court advised at short intervals of the proceedings of its subordinate officer, the executor. 2. To communicate in like manner, to all interested, information of the situation of the estate and the progress of the administration. 3. To serve as secondary evidence to the executor in the event of the loss of vouchers or the death of witnesses." In the case of *Picot v. Biddle*, which was decided after an exhaustive and able review of the whole law in this country, the only point involved was whether such settlements were conclusive. Whether they could be treated as *prima facie* evidence was not passed upon, the exigencies of the case not requiring it. My attention has not been called to any case in this State in which the point here presented is decided, although it may be, that in passing upon the question of the conclusiveness of such settlements the courts have ventured remarks which seem to concede them the effect of *prima facie* evidence.

In the case of *State to use of Thornton v. Hoster*, 61 Mo. 544, the point was not considered, nor decided except by a somewhat labored inference. According to the report of that case the plaintiff did not sue the guardian for an indebtedness and seek to prove it by his settlements. The plaintiff alleged that the guardian had made what he called a final settlement, in which he acknowledged an indebtedness to his ward in a certain amount which he refused

to pay. The court held that it was not a final settlement, notwithstanding its designation as such, and that the plaintiff could not recover on it as such. In this view of it the paper was excluded. If the court intended to decide that it was not admissible as *prima facie* evidence, when offered against the guardian and his securities by the ward, it certainly did not say so. Neither do I think it would be supported by the authorities of this State in such a declaration. *Cheltenham Fire Brick Co. v. Cook*, 44 Mo. 29 ; *Blair v. Perpetual Ins. Co.* 10 Mo. 350; *Union Sav. Ass. v. Edwards*, 47 Mo. 445; *Western Boatmen's Ben. Ass. v. Kribben*, 48 Mo. 37.

Let us consider the point on principle. When the ward or executor is notified to come into court at the final settlement, he is at liberty then to contest any previous settlement. When the settlements are long or numerous, the probate judge, in the exercise of his authority to ascertain and define the issues to be tried, may well require the contestant to indicate by objections or exceptions the items which he intends to dispute. The balance of an account has no meaning independent of the component parts of the account, which are designated as the debit and credit sides of it. If the item contains a payment and is on the credit side of the account, on what principle can it be maintained that the settlement should be *prima facie* evidence of the truth of the issue in favor of the guardian. The paper is a creation of his own. It is nothing more than his own admission or statement under signature and oath. Such *ex parte* statements are not in the nature of *prima facie* evidence in favor of the party making them. The fact that the court has passed it upon an *ex parte* presentation adds nothing to its value. Such approval is only conditional and leaves it still subject to approval at final settlement. The order of approval is nothing more than an interlocutory order in the general proceeding *in rem*, subject to reversal and review at final hearing. It is nothing more than an interlocutory order in a pending and unfinished

proceeding.    To hold that such settlements should consti-
tute *prima facie* evidence in favor of the guardian is to
ignore the principle excluding secondary evidence, and to
force the ward to prove the negative of an issue to be
tried.    Why should the ward prove that the contested pay-
ment, was not made before any testimony of payment is sub-
mitted which he could cross-examine and show to be without
merit.    In respect to the charges on the debit side of the
account the burden of proof is shifted.    If the ward excepts
to them, his exceptions to be of any advantage to him must
be in the nature of a statement that the guardian was pos-
sessed of assets with which he has not charged himself.
It is of no advantage to the guardian to declare that the
debit side of his account should be taken to be correct, or
that it implies *prima facie* that he had no more assets than
charged against him.    He is entitled to that implication
any way, from the very nature of the issue raised by the
exception.    If the ward charges him with having received
more assets he must prove it.    The burden is on him like
the burden of every other affirmative fact made by a pleader.
I am, therefore constrained to say that I do not perceive
any well grounded reasons for holding that these annual
settlements should constitute *prima facie* evidence in favor
of a guardian or executor.    So far as the debit side of his
account is concerned, such a holding would do him no good,
because the exceptor accepts all which therein appears and
wants more.    But he cannot have more, without proving
it, and the burden is on him to do this.    In respect to the
credit side of the account, the doctrine would elevate to the
first rank what is only secondary evidence in its nature, and
sanction the injustice of forcing the exceptor to prove a
negative.

But when these annual settlements are offered by the
ward, or heir, or other person, interested in the estate, as
*prima facie* evidence only of the facts therein contained, I
perceive no good reason for excluding them, any more than

other admissions or statements made by an accounting party in the discharge of his duty.

The settlements in this case were not offered as evidence against the guardian, but by the defendants as evidence in his favor and they were in my opinion properly excluded. It is true the question did not arise in the probate court; but the issue relating to the accounts was eliminated in a way substantially resulting like formal exceptions. When the settlements were presented, the plaintiff, either then or before that time, submitted to the referee a written list designating all the credits he accepted as correct, most of which were presumably in the settlements. All the other credits were impliedly ignored and denied; and as the burden was on the guardian to prove them, he knew precisely what he had to do, and the evidence shows that he did not suffer from the exclusion of evidence. His written declarations of credits were excluded, but he was present at the trial as a witness and in his own person furnished evidence of a higher order than such declarations.

It is next urged by defendants that the ward, although having attained his majority, could not sue on the bond of his guardian until a final settlement had been effected in the probate court  The law has been held otherwise in several well considered cases by the court of appeals. *State v. Rosswaag*, 3 Mo. App. 11; *Flach v. Fassen*, 3 Mo. App. 561. As the guardian in this case was insolvent and had delayed his final settlement beyond the proper time for it, I see no good reason in denying to the ward his right to resort to the bond for the purpose of obtaining his estate.

Thirdly, and lastly, it is urged that referee's finding of facts in relation to the investment of funds, to the effect that they were all contrary to law, is erroneous as not being supported by the testimony. The loan to Thomas Bellew of $500 is claimed as sufficient to disapprove the finding. That loan was made in the name of the guardian in his individual capacity, and there is nothing in it to indicate that it was intended for the estate. It was on a one-

fifth interest in certain real estate of doubtful value, and was not reported to the court till three years afterwards. It never was approved by the court. When a trustee makes an investment in his private capacity and fails to indicate promptly that his investment is on account of the estate he has in charge, he thereby subjects himself to well grounded suspicions of mal-administration, upon coming and claiming it to have been on account of the estate after loss or depreciation of the security taken by him.

The appeal in this cause is without merit and the judgment is affirmed.

All concur, except NORTON and SHERWOOD, JJ., absent.