CHARLOTTE D. OTTO, Respondent, *v.* CHARLES VAN RIPER et al., Appellants.

1. PRINCIPAL AND SURETY — LIABILITY OF SURETIES ON GUARDIAN'S BOND. The fact that money, belonging to the guardian of an infant and paid to the sureties on his bord as security for their liability and deposited by them to the joint account of themselves and the guardian in a trust company, is lost by the failure of the company, does not operate to discharge the sureties from their liability to make good money of the infant received by the guardian and misappropriated by him.

2. WHEN PRIOR ACCOUNTING OF GUARDIAN IS NOT A CONDITION PRECEDENT TO SUIT IN EQUITY AGAINST SURETIES. Where it is impossible for a ward, by reason of the removal of the guardian to another state and his death there intestate, without leaving any property in either state, to obtain a judicial settlement of the guardian's accounts in a direct proceeding, such settlement is not a condition precedent to a suit in equity against the sureties on the bond for the purpose of having it adjudged whether there was anything due from the guardian to the ward, and, if so, to charge the sureties with the amount.

*Otto* v. *Van Riper*, 31 App. Div. 278, affirmed.

(Argued October 12, 1900; decided November 20, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July

22, 1898, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Wilson Bryant* for appellants. The complaint should have been dismissed because the plaintiff has alleged in her complaint and also admitted at the trial that the guardian was dead; that no personal representative had been appointed, and that the guardian nor his representatives in this case had ever been called upon to account, and no account has been filed, and this defense had been pleaded as well as an allegation that the plaintiff has an adequate remedy at law. (*Perkins* v. *Stimmel*, 114 N. Y. 359; *Douglas* v. *Ferris*, 138 N. Y. 193; *Bieder* v. *Steinhower*, 15 Abb. [N. C.] 430; *Stillwell* v. *Mills*, 19 Johns. 304; *Trust Co.* v. *Pratt*, 25 Hun, 23; *Hood* v. *Hood*, 85 N. Y. 561; *Haight* v. *Brisbin*, 100 N. Y. 219; *Reed* v. *Stryke*, 12 Abb. Pr. 47; *Turner* v. *Conant*, 18 Abb. [N. C.] 160.) The guardian is bound to use only ordinary care and prudence in his management of the estate; he is only liable for losses to the estate occurring through his negligence or *laches*. (2 Kent's Comm. 230; *Furman* v. *Coe*, 1 Caines, 96; *Ward* v. *Stahl*, 81 N. Y. 406; *Clark* v. *Montgomery*, 23 Barb. 561; *Hoag* v. *Prime*, 24 N. Y. S. R. 476; *P. M. Co.* v. *Toll*, 85 N. Y. 646; *Myers* v. *U. S.*, 1 MacL. 493; *Farrar* v. *U. S.*, 5 Pet. 372, 389; *Bissell* v. *Saxton*, 66 N. Y. 55; *Kellum* v. *Clark*, 97 N. Y. 393.) The guardian and his sureties had the right, and they were authorized and justified in depositing the money belonging to the estate in the bank, and they are not liable for its failure and subsequent loss of the fund. (*Paisley* v. *Martin*, 77 Va. 376; *Matter of Stafford*, 11 Barb. 353; *Routh* v. *Howell*, 3 Ves. 565; *Poultney* v. *Randall*, 9 Bosw. 232; *King* v. *Talbot*, 40 N. Y. 76; 2 Story's Eq. Juris. §§ 1269, 1270; Lewin on Trusts, 295; *McCabe* v. *Fowler*, 84 N. Y. 314; *Baskin* v. *Baskin*, 4 Lans. 94.) It was perfectly legitimate for the sureties to take security from the guardian as an indemnity for reimbursement. (9 Am.

& Eng. Ency. of Law, 141; *Poultney* v. *Randall*, 9 Bosw. 232; *Rapp* v. *Masten*, 4 Redf. 76; *Jones* v. *Quinnepiack*, 29 Conn. 25.)

*Omar Powell* and *Daniel L. Cady* for respondent. Where an accounting under section 2606 of the Code of Civil Procedure is impossible or impracticable, an action in equity to establish the extent of the liability and charge the bondsmen is proper. (*Bischoff* v. *Engel*, 10 App. Div. 240; *Carow* v. *Mowatt*, 2 Edw. Ch. 57; *T. & D. Co.* v. *Pratt*, 25 Hun, 23.) The fund having been lost through breach of duty by John H. Schilling and never restored, the devastavit is established. (*Matter of King* v. *Talbot*, 40 N. Y. 76; *Le Fevre* v. *Hasbrouck*, 2 Dem. 567; *Ackerman* v. *Emott*, 4 Barb. 656; *Matter of Cant*, 5 Dem. 269; *Matter of Bushnell*, 17 N. Y. S. R. 813; Lewin on Trusts, 295, 296; *Deobold* v. *Oppermann*, 111 N. Y. 531; *Matter of Myers*, 131 N. Y. 409; *Butler* v. *Jarvis*, 51 Hun, 245; *Ex parte Stafford*, 11 Barb. 353; *Caulkins* v. *Bolton*, 98 N. Y. 511.)

O'Brien, J. The recovery in this action was upon a bond given by the defendants as sureties upon the appointment of the plaintiff's father as her general guardian, she being at that time an infant.

It is undisputed that the guardian received, at or about the time of his appointment, the sum of five hundred dollars, which belonged to the plaintiff, and for which he has never accounted. The main defense to the action is based upon the following facts found by the trial court: It appears that the defendants on becoming the sureties for the guardian, in order to indemnify themselves from any loss, procured him to execute and deliver to them a mortgage upon certain property which the guardian then owned; that subsequently the premises covered by the mortgage were sold, and from the proceeds of the sale the sum of $2,450 was paid over to the defendants and deposited by them in the American Loan and Trust Company to the joint account of the guardian and the two defend-

ants who were sureties; that the money remained on deposit in the trust company until April, 1891, when it became insolvent and the fund was wholly lost. The trust company had power to receive deposits and to act as trustee, receiver, administrator and guardian of infants and their estates. If the fund so deposited was a trust fund held by the guardian, under the circumstances found, and it had been lost without his fault, it may be that both he and his sureties would be held not liable. But this is not a case where trust funds have been lost by a trustee acting in good faith, and the legal principles applicable to such a case are not pertinent to this. The mortgage taken by the sureties never belonged to the plaintiff. It was taken for their individual benefit, in order to secure themselves against any possible future loss by some act on the part of the guardian. When the money was realized upon this mortgage, by the sale of the property, the fund took the place of the original security and belonged to the defendants, and they had absolute and complete control over it just as they had over the mortgage from which it was derived. When they deposited this fund with the trust company it was a deposit of their own funds. The fact that the deposit was made to the credit of the two sureties and the guardian jointly does not change the question. The guardian as an individual had no doubt an interest in the fund, which accounts for the form of the deposit, but it was no part of the fund which came into his hands as guardian or which belonged to the plaintiff, his ward. The guardian individually and the two sureties had complete control over it and could have drawn it out of the trust company at their own pleasure. It was not even set apart for the benefit of the plaintiff and never became impressed with any trust in her favor which she could have enforced. The deposit, therefore, did not represent any investment of the plaintiff's funds made by the guardian for her benefit in good faith or otherwise; and the fact that the deposit was lost by the subsequent failure of the depositary is no defense to the plaintiff's claim. With respect to the plaintiff, the case is just the same as if the deposit did

not represent the proceeds of the mortgage, but was some other individual fund of the defendants or the guardian himself.

The defendants' obligation was expressed in the conditions of the bond, and these conditions were that if the guardian should in all things faithfully discharge the trust reposed in him and obey all lawful directions of the surrogate touching the trust, and render a just and true account of all moneys and other property received by him and of the application thereof and of his guardianship, whenever required so to do by a court of competent jurisdiction, then the obligation should be void, otherwise to remain in full force and virtue. The responsibility thus assumed by the defendants has never been discharged, and, therefore, we think the facts found constitute no defense to the action.

It was also urged as a defense that the guardian was dead, and that no personal representative had been appointed, and that neither the guardian nor his personal representative had ever been called upon to account, and that no account had ever been filed. It appears that subsequent to the loss of the fund in the trust company, the guardian removed to another state where he died in the year eighteen hundred and ninety-six, intestate, leaving no estate or property either in this state or the state of his residence, and that no personal representative had ever been appointed in either state. Of course, it was impossible, under these circumstances, for the plaintiff to procure a judicial settlement of the account between herself and her guardian. The form of this action is in equity, and the demand for judgment is that it be found and decreed to be due to the plaintiff from her guardian the sum of money received by him, with interest thereon, and, further, that the defendants be charged as sureties with the amount so found due. It is doubtless the general rule that an action cannot be maintained against the sureties upon the bond of a general guardian until proceedings for an accounting have been had against the guardian and his default established therein. (*Perkins* v. *Stimmel*, 114 N. Y. 359.) But this principle is not of universal application. Where it appears that an

accounting is impossible or impracticable, an action in equity to establish the extent of liability and charge the sureties is proper. (*Long* v. *Long*, 142 N. Y. 545; *Haight* v. *Brisbin*, 100 N. Y. 219.)

We think that the record does not present any legal error that would justify us in interfering with the judgment, and it should, therefore, be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN and LANDON, JJ., concur; MARTIN, J., not sitting.

Judgment affirmed.