(86 App. Div. 529.)

### KURZ v. HESS et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. GUARDIAN AND WARD—LOSS OF PROPERTY—ACTION ON BOND.

　　A suit to establish the extent of the liability of a guardian and charge his sureties therefor is proper, though no proceedings for an accounting have been had against the guardian, where, by reason of the fact that he has absconded, and has permanently left the state, plaintiff has been unable to ascertain his whereabouts and serve him with process, rendering an accounting impossible.

Appeal from Special Term, Kings County.

Action by George M. Kurz against Leonard Hess and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Charles J. McDermott, for appellant.
Henry E. Wilke, for respondent.

HOOKER, J. Plaintiff attained full age shortly before the commencement of this action. Defendants are the sureties, who, with

¶ 1. See Guardian and Ward, vol. 25, Cent. Dig. §§ 630, 633.

their principal, the guardian of the person and estate of the plaintiff, executed their certain bond conditioned that the guardian should in all things faithfully discharge the trust imposed in him as guardian, and obey all lawful directions of the surrogate touching the infant's estate. The complaint alleges that the guardian failed in his execution of the trust imposed in him, and that he collected certain moneys, which he has appropriated to his own use. Paragraph 5 of the complaint is as follows:

"That on or about the 20th day of July, 1902, the said William Schneckenberger became insolvent, and absconded from the state of New York, and that, although the plaintiff has attempted to obtain a judicial settlement of the account of the said William Schneckenberger as such guardian, and has attempted to ascertain the whereabouts of said William Schneckenberger, and to serve upon him due process of the Surrogate's Court of the county of Kings, which is the court having jurisdiction of his appointment, the plaintiff has been unable, and will be unable, and that it is impossible for the plaintiff to obtain an account as guardian from the said William Schneckenberger, and compel him to judicially settle his account as such general guardian; and that said William Schneckenberger is insolvent, and that the plaintiff is without any means of obtaining redress from the said Schneckenberger for the conversion of said moneys on account of the departure of said Schneckenberger from the state of New York."

The case having been called for trial, the attorney for the answering defendant moved to dismiss, on the ground that no action will lie against the bond of the guardian unless there has been an accounting, and on the ground that the complaint does not state facts sufficient to maintain the action. The motion was granted, and plaintiff excepted. The court is obliged, of course, in passing upon this appeal to assume the truth of all the facts stated in the complaint, as well as every reasonable inference and intendment that may be drawn therefrom. Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112; Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9. The rule that an action cannot be maintained against the sureties on the bond of a general guardian until proceedings for an accounting have been had against the guardian, and his default established therein, has been the established law of this state for some years. Hood v. Hood, 85 N. Y. 561; Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659. It has been held, however, that there may be proper exceptions to this general rule, and that where it appears "that an accounting is impossible or impracticable" the courts will suspend the rigor of that rule, and allow an action in equity to be maintained to establish the extent of the liability and charge the sureties. Long v. Long, 142 N. Y. 545, 37 N. E. 486; Haight v. Brisbin, 100 N. Y. 219, 3 N. E. 74; Otto v. Van Riper, 164 N. Y. 536, 58 N. E. 643, 79 Am. St. Rep. 673. If the allegations of the complaint in this case are to be taken as admitted upon the motion to dismiss granted at the commencement of the trial, this exception to the rule is strongly applicable here. The guardian became insolvent, he absconded, and has permanently left the state. The plaintiff has attempted to obtain a judicial settlement, and has attempted to ascertain the guardian's whereabouts, and serve him with process, but has been unable, and will be unable, and it is impossible for him to obtain an accounting from the guardian as such, and he is without any means of obtaining

redress from the guardian on account of the reversion of his moneys. It is difficult to imagine how, if the proofs had sustained those allegations, a much stronger case, within the exception, could have been made out, and plaintiff would have been entitled to relief. Much the same question has been discussed upon demurrer in Scharmann v. Schoell, 23 App. Div. 398, 48 N. Y. Supp. 306, by Mr. Justice Ingraham, and the same conclusion was reached.

The judgment should therefore be reversed, and new trial ordered. All concur.