# UNITED STATES FIDELITY AND GUARANTY COMPANY v. NASH, AS GUARDIAN.
## (No. 652.)

Guardian and Ward—Guardian's Bond—Necessity of Judicial Accounting Before Bringing Action Upon Bond—Action Upon Bond of Guardian Appointed in Another State—Jurisdiction—Bond to Several Wards Jointly, Right of Wards to Sue Separately—Liability of Surety—Judgment—Modification—Exceptions — Pleading — Prayer for Judgment — Effect of Upon Amount of Recovery—Jurisdiction When Defendant Withdraws From Trial After Appearing and Filing Answer—Pleading—Amendment—Order Allowing—Presumption—Notice.

1. Where a guardian has died insolvent after having disposed of all the ward's property and converted the proceeds thereof to his own use, and his estate is insolvent, a suit may be brought and maintained upon the guardian's bond against the surety to recover the amount due the ward, without alleging or proving a settlement of the guardian's accounts by the court wherein he was appointed, or any previous judicial accounting.

2. A suit upon a guardian's bond against the surety to recover the amount due the ward is maintainable in a court of competent jurisdiction in this state, although the guardian was appointed and the bond was given in another state, where it appears that the guardian had died insolvent in the state wherein he was appointed after having disposed of all the ward's property and converted the proceeds to his own use, and his estate is insolvent.

3. Where the interest of three wards in all the property belonging to them was equal and undivided, and the guardian disposed of the property and converted the proceeds to his own use and then died insolvent; *Held,* (1) That a cause of action existed in favor of each ward upon the. guardian's bond running to the three wards jointly; that whether they sued upon the bond jointly or severally the aggregate liability of the surety excluding interest could not exceed the amount of the bond, and the liability of the surety to each ward will be equal, in the absence of a showing to the contrary.   (2)   In a separate suit on the bond on behalf of one of the wards, no facts being alleged as a reason for a greater recovery, the amount thereof

should be limited, excluding interest, to one-third of the
penalty named in the bond.

4. Where a judgment in favor of one of three wards in a sepa-
rate action brought against the surety upon the guardian's
bond running to the three wards jointly exceeded, ex-
cluding interest, one-third of the penalty of the bond, and
no facts were alleged entitling her to recover more than
that proportion, held that the appellate court was author-
ized to modify the judgment by reducing the amount to
an amount equaling one-third of the penalty of the bond
and allowing interest thereon from the date of the demand
upon the surety.

### ON PETITION FOR REHEARING.

5. Where the amount of recovery is greater than that to
which the plaintiff is entitled upon the allegations of the
petition, and the matter is called to the appellate court's
attention in the brief of the plaintiff in error, the judg-
ment may be modifed by reducing the recovery to the
proper amount, although it was not assigned as error
either in the motion for new trial or the petition in error
that the recovery was excessive, and the finding as to the
amount was not excepted to.

6. Where the amount demanded in the prayer for judgment in
a petition exceeded the amount to which the plaintiff
was entitled upon the allegations; held, that the prayer
for judgment was no part of the preceding allegations con-
stituting the cause of action, but the allegations and proof
in support thereof fixed the amount of recovery.

7. A defendant answered, and upon the trial, after the over-
ruling of his objection to the introduction of any evidence
by the plaintiff on the ground that the petition failed to
state a cause of action, refused to further participate.
Held, that such withdrawal of the defendant did not de-
prive the court of its jurisdiction in personam.

8. In an action by a ward against the surety upon the guard-
ian's bond, wherein it was alleged that the guardian had
disposed of all the property of the trust estate and con-
verted the proceeds to his own use, the summons had
indorsed upon it a statement to the effect that in case de-
fendant failed to answer the plaintiff would take judg-
ment for $1600, and in the petition the value of the ward's
interest in the property was alleged to be $1600, and
judgment was prayed for that amount. The defendant
answered, and upon the trial withdrew from further

participation after its objection to the introduction of any evidence was overruled. As the petition came to the appellate court in a proceeding in error brought by the defendant to review a judgment in favor of the plaintiff for an amount exceeding the amount originally demanded, excluding interest, the figures $1600 appeared to have been crossed out and the figures $3000 inserted in their place. *Held*, (1) That such change or amendment clearly appearing to have been made after the filing of the answer required an order of the court permitting the same. (2) Nothing appearing in the journal entries or bill of exceptions to the contrary it would be presumed that the amendment was made by permission of the court. (3) The defendant was entitled to notice of the proposed amendment, since it affected and changed the theory of plaintiff's right to recover as set up in the petition. .

[Decided February 17, 1912.]          (121 Pac., 541.)
[Rehearing denied June 10, 1912.]     (124 Pac., 269.)

Error to the District Court, Sheridan County; Hon. Carroll H. Parmelee, Judge.

The material facts are stated in the opinions.

*M. B. Camplin, George W. Farr, and C. R. Tisor,* for plaintiff in error.

At the time of the commencement of the trial the value of the interest of the ward, in whose behalf the suit was brought, in the property alleged to have been converted by the guardian was alleged to be $1600. Since the trial was commenced, so far as plaintiff in error is able to ascertain, that amount was changed in the petition to $3000. The prayer in the petition was originally for $1600, and that was changed after the commencement of the trial to $3000. Whatever demand was made upon the plaintiff in error prior to commencement of suit was for the sum of $1600. Judgment was entered for $2790 and interest, although at the time of the trial judgment was prayed only for the sum of $1600.

The alleged bond is insufficient in form and substance, and is not such a bond as is required by the laws of Montana.

Before suit could be maintained upon the bond it was necessary that an accounting be had in the court wherein the guardianship proceedings were pending. (Graff v. Mesmer, 52 Cal. 636; Allen v. Tiffany, 53 Cal. 16; Hudson v. Barratt, (Kan.) 61 Pac. 737; Chaquette v. Ortet, 60 Cal. 594; Reither v. Murdock, (Cal.) 47 Pac. 784.) There having been no accounting in the probate proceedings the defendant in error should have brought suit in the district court in and for the county in Montana wherein the guardianship proceedings were pending against the administratrix of the estate of the deceased guardian to compel her to go into court and render an accounting in the guardianship proceedings. In that suit the surety, plaintiff in error herein, could have been made a party defendant and could have participated in the accounting. The accounting must be had in the court having jurisdiction of the subject matter and where all the parties can be brought before it. The courts of Wyoming can have no jurisdiction over probate matters pending in Montana. Nor can they have jurisdiction over the estate of the deceased guardian which is being administered in a proceeding pending in the district court for Rosebud county. in Montana, nor over the administratrix of that estate. It is therefore contended that the district court of Sheridan County in this state had no jurisdiction and could acquire no jurisdiction over either the subject matter or any of the real. parties in interest in this action. (Reed v. Hume, 70 Pac. 998; Cook v. Ceas, 77 Pac. 65; Cases cited supra; Nickals v. Stanley, 81 Pac. 117; Weihe v. Stratham, 67 Cal. 84; Ford v. Kittredge, 28 La. Ann. 113; Chapron v. Chapron, 41 La. Ann. 486, 6 So. 810; Treasurer of Pickaway Co. v. Hall, 3 Ohio (3 Ham.) 225; Ordinary v. McClure, 1 Bailey, 7; Devant v. Pope, 6 Rich. Law, 347; Territory v. Bramble, 2 Dak. 189, 5 N. W. 945; State v. Waples, 5 Har. 257; Kemper v. Splane, 4 La. Ann. 486; Haight v. Brisbin, 100 N. Y. 219, 3 N. E. 74; Adams v. Petrain, 11 Or. 304, 3 Pac. 163; Cadwallader v. Longley, 1 Disn. 497; Easterling v. Thompson, 1 Rice, 346; Buchanan v. Bilger, 64 Tex.

589; Jones v. Irvine, 23 Miss. 361; State v. Cutting, 2 Ohio St. 1; Probate Court v. Kimball, 42 Vt. 320; Judge v. French, 3 Stew. & P. 263; State ex rel. Shinn v. Stafford, 73 Mo. 658; Ordinary v. Pettus, 11 Rich. Law, 543; Probate Court v. Chapin, 31 Vt. 373.)

No liability ever attached to the plaintiff in error for the failure of the guardian to faithfully discharge his duties, and no state of facts can exist which would entitle anyone to a recovery against the surety by reason of the execution of the so-called bond.

*Burgess & Kutcher,* for defendant in error.

Under the circumstances of this case no settlement of the affairs of the guardianship can be had in the guardianship proceedings in Montana for the reason that the guardianship has terminated by the death of the guardian. Conceding that the court in Montana might compel the administratrix of the deceased guardian's estate to render such an accounting, that court could not acquire jurisdiction until its power is invoked by some appropriate method, nor would it have such jurisdiction unless it is expressly conferred by statute. No law of Montana is pleaded or proved giving such jurisdiction to the Montana court over the personal representative of the deceased guardian. In the absence of proof of such statute a court of equity has jurisdiction. (21 Cyc. 155; Harris v. Calvert, (Kan.) 44 Pac. 28; Mitchell v. Kelly, (Kan.) 107 Pac. 782; In re Allgier, (Cal.) 3 Pac. 849; Miller v. Ash, (Cal.) 105 Pac. 608.) The District court of Sheridan county in this state had jurisdiction: 1. The action is transitory in character, it is upon a contract under which the guardian and the surety were jointly and severally liable. This is so declared by a Montana statute pleaded in the amended petition. 2. Rights acquired under the statutes of another state will be enforced if not against the public policy of the state wherein the suit is brought. (Herrick v. Minneapolis, &c., (Minn.) 16 N. W. 413; Burns v. Grand Rapids, &c., (Ill.) 15 N. E. 230; Eingartner v. Ill. Steel Co., (Wis.) 68 N. W. 664; Handy v. Ins. Co., 37

O. St. 366.)   We do not combat the general rule that there must first be an accounting or judgment against the principal in the court where the guardianship or administration proceedings are pending before recovery can be had upon the bond of the guardian or administrator, although there is a respectable array of authority to the contrary.   (See 21 Cyc. 240.)   But this case clearly falls within well recognized exceptions to that rule, and none of the reasons for the rule exist where the circumstances are like those in the case at bar.   The guardian had disposed of all of the property of the wards, converted the proceeds to his own use, and he died insolvent.   No reason exists under those circumstances for a previous judicial accounting as a condition precedent to suit upon the bond.   On the contrary, suit may be brought against the surety under such circumstances without first compelling an accounting against the personal representative of the guardian.   (Miller v. Ash, supra; Bischoff v. Engel, 41 N. Y. Supp. 815; Kurz v. Hess, 83 N. Y. Supp. 773; Parker v. Dominick, 94 N. Y. Supp. 248; Lang v. Lang, (N. Y.) 37 N. E. 489; Otto v. Van Riper, (N. Y.) 58 N. E. 644; McDonald v. People, (Colo.) 69 Pac. 703; Farrington v. Secor, (Ia.) 60 N. W. 193; Miller v. Kelsey, (Me.) 60 Atl. 717; Mitchell v. Kelly, supra; Robb v. Perry, 35 Fed. 102.)

The plaintiff in error was surety for compensation, and it is therefore relieved of the benefit of the doctrine that a surety is a favorite of the law.   (32 Cyc. 306.)   When a guardian dies without accounting it becomes the duty of the surety to account and pay over what is due the ward. (Farrington v. Secor, supra; Slater v. McAvoy, (Cal.) 56 Pac. 50.)   When the ward shows the receipt of property by the guardian the burden is on the surety, in an action on the bond, to show the disposition of it.   (15 Ency. Law, 121; 21 Cyc. 258; Peele v. State, 21 N. E. 288.)   The bond is a good and sufficient one under the Montana statute, which makes ample provision for recovery upon such a bond when there are defects in any substantial matter or condition re-

quired by law to be stated. (Hubert v. Mendheim, 30 Pac. 633.) The surety is estopped from denying the validity of the bond. (Est. of Ramsay v. People, (Ill.) 90 Am. St. 177.) Although a statutory bond is defective it may be enforced as a common law bond. (Id.; Murfree on Off. Bonds, sec. 134; 11 Ency. Law, 869, 871; Longfellow v. McGregor, (Minn.) 57 N. W. 926.) Although the condition of a bond may be void the obligation will still stand. (Giles v. Holsted, (N. J.) 61 Am. Dec. 668; 82 Am. St. 205.)

Where a pleading or a paragraph thereof is struck out on motion the situation is the same as though such pleading had never been tendered and it will not be considered a part of the record unless made so by bill of exceptions. Counsel for plaintiff in error calls attention to the fact that the prayer in the petition at the time of the trial was for $1600, and state that the change to $3000 must have been made after the introduction of testimony on behalf of the plaintiff. This we deny. The record is silent as to any amendments to the petition save one, and that is an amendment by interlineation appearing in paragraph seven of page seven of the petition, and it does not appear from the record when that amendment was made. If there were any amendments made, the record is silent as to objections or exceptions thereto on the part of plaintiff in error. The appellate court cannot assume that any wrongful amendments were made or allowed, but in order to present any question on appeal touching the action of the court with reference to amendments, the record must show the objection and exception thereto. (1 Ency. Pl. & Pr. 533.) Where a party fails to clearly point out in the original brief the specific errors complained of and to discuss them he cannot raise them in a reply or supplemental brief. (Gates v. Baltimore, &c., (Ind.) 56 N. E. 722; People v. Cole, (Mich.) 102 N. W. 856; Shumacher v. Bell, (Ill.) 45 N. E. 428.

(On petition for rehearing.) The plaintiff in error did not object or take any exception to the findings of fact with

reference to the amount due to the ward or the amount of the indebtedness for which the defendant in error was found entitled to a judgment. No such objection or exception having been taken, it is now too late to complain of an alleged excess in the amount of recovery. Again, there is an aider by verdict, which disposes of the proposition that the plaintiff was allowed to recover more than he was entitled to upon the allegations of the petition. The doctrine of implied amendment prohibits the reduction of the amount of the judgment by the appellate court. Nowhere in the record does it appear what the interest of either of the other wards was in the trust property, or that the interests of the three wards were equal. The court should not go beyond the record and read into it something which is not there. (Comm'rs v. Patrick, 18 Wyo. 140.) The finding of the court shows that the interest of this particular ward was in excess of one-third of the penalty of the bond. But the petition might have been amended to conform to the proof and allow her a greater interest if inferentially it appeared that her interest was but one-third of the whole. A party should be entitled to recover the full extent of his own interest although there may have been a joint interest in another, where the defect of parties is waived. (Gilland v. Ry. Co., 6 Wyo. 185.) The findings of fact by the trial court are presumably correct and it will be presumed that sufficient evidence to support them was legally admitted, when the record does not contain all the evidence. (2 Ency. Pl. & Pr. 486; Ry. Co. v. Bradbury, (Minn.) 44 N. W. 2; Thomas v. Murphy, (Minn.) 91 N. W. 1098; Harrington v. Latta, (Neb.) 36 N. W. 370; Aldrich v. Paine, (Ia.) 76 N. W. 813; Carstens v. Lumber Co., (Wash.) 51 Pac. 1051; Wentworth v. Racine Co., (Wis.) 77 N. W. 874; Kirk v. U. S., 41 U. S. (L. Ed.) 69.) The plaintiff in error waived the error complained of as to the amount of the recovery, if any, by failing to object to the alleged variance between the pleadings and the proof and to the introduction of evidence showing the extent of the interest of the

ward in the bond. (Ryndak v. Seawell, (Okl.) 76 Pac. 170; Lumber Co. v. Webb, (Kan.) 52 Pac. 65; Baden v. Bertenshaw, (Kan.) 74 Pac. 639; Christensen v. Hessen, (Cal.) 40 Pac. 748; Nix v. Miller (Colo.) 57 Pac. 1086; 22 Ency. Pl. & Pr. 640; 31 Cyc. 754, 756; Rainsford v. Massengale, 5 Wyo. 9.) Had there been an objection to the evidence showing the extent of the interest of the ward on the ground that the evidence was a variance, it could have been cured by an amendment. As there was no objection it was not necessary to amend.

Marks was not so much the joint guardian of all as the separate guardian of each. The law of Montana contemplates in reality a bond to each ward, and though the bond is joint in form yet in effect it is several, because the guardian must account with each ward as that one becomes of age, and any ward aggrieved has a cause of action upon the bond. If it be assumed that on the face of the bond the interest of the defendant in error is one-third, it is possible that she might have acquired the interest of one of the other wards by assignment, or it may be that her interest in the property was greater than that of either of the other two. The evidence in the case is not here for discussion because not in the record; but can the appellate court indulge in the presumption that the trial court rendered a finding not in accordance with the evidence? (Wills v. Claflin, 23 U. S. (L. Ed.) 493; Township v. Iron Co., 26 U. S. (L. Ed.) 52.) Since an amendment might have been made to the petition showing the reason for a recovery in excess of one-third of the penalty of the bond it is proper to consider the case as if the amendment had been made. (Kuhn v. McKay, 7 Wyo. 57; Lellman v. Mills, 15 Wyo. 166; Ry. Co. v. Pollock, 16 Wyo. 321; Clason v. Baldwin, (N. Y.) 46 N. E. 324; McCammon v. Ry. Co., (Mich.) 33 N. W. 728; 31 Cyc. 443.)

Scott, Justice.

This action was commenced in the district court of Sheridan County by the defendant in error against the plaintiff

in error as surety upon a guardian's bond to recover the value of the ward's property alleged to have been wasted and converted by the guardian to his own use. The bond sued on is the same one involved in the case of U. S. Fidelity and Guaranty Co. v. Clara E Parker, this day decided, and was given by George A. Marks as guardian and approved in the district court of Custer County in the State of Montana on June 28, 1902, to secure Clara E. Marks, J. Mabel Marks and James R. Marks, minors therein named. Judgment was recovered by the guardian and the company brings the case here on error.

Upon the trial the defendant objected to the admission of any evidence on the grounds, first: That the petition does not state facts sufficient to constitute a cause of action, and second: That the district court of Sheridan county had no jurisdiction over the subject matter of the action. This objection was overruled to which an exception was taken. Thereupon the defendant by its attorneys stated to the court "that in view of the ruling of the court, that it is not prepared to go into the trial of the case, and declines to go into any accounting under the pleadings, and that it is not prepared to do so, and refused to participate further." This exception and the motion for a new trial, and the exception to the order overruling the same constitute the bill of exceptions in this case. None of the evidence is contained in the bill. We are therefore limited in our discussion to the two questions raised by the objection.

It is alleged in the petition that Ira W. Nash was and is the duly appointed, qualified and acting guardian of the estate of Jennie Mabel Simpson, a minor, by virtue of letters of guardianship issued to him by the district court of Sheridan County on January 25, 1909. That prior thereto and in July, 1900, letters of guardianship issued out of the district court of the County of Custer in the state of Montana where the minors named in the bond then resided and had property to one George A. Marks who on or about July 7, 1900, qualified and acted as such guardian up to

the time of his death, to-wit, on or about August 1, 1906. That after such appointment the district court of Custer County, Montana, by its order required the said guardian to give a new bond and on April 17, 1902, in compliance with such order the guardianship bond in controversy with George A. Marks as principal and the United States Fidelity and Guaranty Co. (plaintiff in error) as surety was made, executed and delivered to said minors. That this bond was approved and filed on June 28, 1902, and the sureties on the previous bond were by order of court discharged from further liability. That Jennie Mabel Simpson, on whose behalf this suit is brought, is the same and identical Jennie M. Marks, minor, who is mentioned in said bond and in the petition. The different sections of the Statute of Montana having to do with guardian's bonds and the power of the court to require them and also additional security or a new bond when such requirement is deemed advisable, and discharge the existing sureties from further duties and liability as in the U. S. Fidelity and Guaranty Co. v. Parker, this day decided, are pleaded. That on or about Aug. 7, 1900, the said guardian entered into the possession of the estate of his wards; that he filed but one report during his guardianship and that in June 1902, showing the condition of the estate on May 1, 1902, at which time according to his report he had in his possession as such guardian of the three wards named as obligees in the bond the following property, viz:

"172 head cattle and calves of the then value of $4000
Stallion of the value of......................    40
45 head range horses of the then value.......   450
Farm implements of the value of............    10

Total...............................$4500"

It is further alleged that the livestock mentioned in this report propagated and increased in number and value so that before the death of the said guardian on or about Aug. 1, 1906, the interest of the said Jennie Mabel Simpson in

and thereto amounted to $3000, and that between June 28, 1902, and the date of his death the said guardian sold all of the property of her estate, received the proceeds thereof, to-wit: $3000, and wrongfully converted the same to his own use and benefit and has failed to account for the same or any part thereof. That the said Marks died on or about August 1, 1906, and that his estate is now and was at the time of his death insolvent and did not nor has it assets or fund with which to pay said $3000 or any portion thereof. That it was and is impossible and impracticable to have an accounting in said guardianship matter prior to the commencement of this action for the reason that there was and is no one unless this defendant who could render an accounting therein and that there were and are no receipts, vouchers and data from which an accounting could be had in said matter. That neither the estate of George A. Marks, deceased, nor the said defendant nor any one has paid said sum, nor any part thereof though demand of payment thereof was made on the surety company on December 1, 1908. Judgment is prayed for the sum of $3000, and interest at eight per cent. per annum from the date of the demand. Issue was joined and the case was tried to the court without a jury and upon the evidence the court found in favor of the defendant in error and against the plaintiff in error and rendered its judgment accordingly in the sum of $2969.80 including interest together with costs.

The questions with reference to the sufficiency of the petition and the jurisdiction of the court involved in this case are identical with those involved in the case of the U. S. Fidelity and Guaranty Co. v. Clara E. Parker, this day decided, except that here upon the face of the petition there has been no accounting whatever prior to this suit. With that exception all questions here raised including the validity of the bond and the right to maintain a several action thereon were there involved and decided adversely to the contention of the plaintiff in error here and need not be further considered.

The case here upon both the sufficiency of the petition and the jurisdiction of the district court of Sheridan county to entertain the action turns upon the question of the jurisdiction of the domestic court to entertain an action against the surety upon the bond in the absence of an accounting by the deceased guardian or his representative to the district court of Custer County, Montana. The district court of Sheridan County is by Section 10 of Article V of the Constitution vested with original jurisdiction in all causes at law and in equity and in all cases in which original jurisdiction shall not have been by law vested exclusively in some other court. Jurisdiction to appoint guardians of the persons and estates of minors is vested in that court by Section 5735, Compiled Statutes, and the powers and duties of such guardian are prescribed by Chapter 381, p. 1343, Comp. Stat. If a guardian were appointed and qualified in this state and converted his ward's property under like circumstances as alleged in the petition the rights of the ward arising therefrom conferred by statute in this state would be identical with the same rights conferred by the statutes of Montana in the case here presented. There is nothing here pleaded that shows that the enforcement of the action on the bond in that state would in any wise be different from the action on the bond in this state. If upon the allegations of the petition an action at law could be maintained against the surety on the bond in the courts of Montana then such cause of action is transitory and could be maintained in any court of competent jurisdiction in this state.

The question here is not when and under what circumstances a court of equity will entertain an action for an accounting by a ward against his guardian independent of the court of primary jurisdiction but whether upon the facts alleged an action at law can be maintained against the surety on the guardian's bond without a previous judicial accounting? In discussing the question thus presented we do not refer to equitable defenses authorized under our Code but only to the sufficiency of the facts alleged if proven or admitted to authorize a recovery.

It is the general rule that before an action at law can be maintained against the sureties upon a guardian's bond that the devastavit must be established by separate action against the guardian or by the settlement of his account in the court of his appointment. 21 Cyc. 241, 243. There are, however, exceptions to this rule as shown by the following cases and the question here is whether the facts alleged in this petition bring this case within the exceptions. Otto v. Van Riper, 164 N. Y. 536, 58 N. E. 643, 79 Am. St. Rep. 673; Kurz v. Hess, 86 N. Y. App. Div. 529, 83 N. Y. Supp. 773; Girvin v. Hickman, 21 Hun, (N. Y.) 316, 319; State v. Humphrey, 7 Ohio, 224; State v. Roeper, 82 Mo. 57, 63; State v. Slaven, 93 Mo. 253; Miller v. Kelsey et al. 100 Me. 103; Robb v. Perry, 35 Fed. Rep. 102; Mitchell v. Kelly, 107 Pac. 782, (S. C. Kans., March 12, 1910.).

Otto v. Van Riper et al., supra, was an action against the sureties upon a guardian's bond. It was pleaded as a defense that the guardian was dead and that no personal representative had been appointed, and that neither the guardian nor his personal representative had ever been called upon to account, and that no account had ever been filed. It appeared upon the trial that subsequent to the loss of the ward's property the guardian removed to another state where he died intestate, leaving no estate whatever in either state, and that no personal representative had ever been appointed. The court say: "Of course it was impossible, under these circumstances, for the plaintiff to procure a judicial settlement of the account between herself and her guardian. The form of this action is in equity, and the demand for judgment is that it be found and decreed to be due the plaintiff from her guardian the sum of money received by him with interest thereon, and, further that the defendants be charged as sureties, with the amount so found due. It is doubtless the general rule that an action cannot be maintained against the sureties upon the bond of a general guardian until proceedings for an accounting have been had against the guardian and his default established therein.

(Perkins v. Stimmel, 114 N. Y. 359, 58 N. E. 643.)   When
it appears that an accounting is impossible or impracticable,
an action in equity to establish the extent of liability and
charge the sureties is proper.  (Long v. Long, 142 N. Y.
545; Haight v. Brislin, 100 N. Y. 219, 3 N. E. 74.)"   In
Girvin v. Hickman, 21 Hun, (N. Y.) 316, 319, the ward
having attained his majority instituted suit against the
sureties upon his guardian's bond.  The court say: "The
condition of the bond in suit required the guardian, among
other things to 'render a just and true account of all prop-
erty received by him, and of the application thereof &c.
* * * And again to faithfully apply said legacy, * * *
and account for the same when thereunto required.'  Or-
dinarily an accounting would be necessary to show how
much of the money or property of the ward received by
him remained in his hands, over and above what he had
'Faithfully applied.'   But the complaint here alleges (and
upon demurrer, the defendant must be held to concede its
truth) that the guardian did not faithfully apply the said
legacy, but has wrongfully converted the whole of it (except
the sum of $17) to his own use.  The fact being conceded,
the extent of the guardian's liability is fixed, as definitely
as it could be by an accounting."  · State v. Roeper, supra,
was an action upon a guardian's bond instituted after the
ward reached his majority.  At page 63 of the report the
court say: "It is next urged by the defendants that the
ward, although having attained his majority, could not sue
on the bond of his guardian until a final settlement had been
effected in the probate court.  The law has been held other-
wise in several well considered cases by the court of ap-
peals.  State v. Rosswaag, 3 Mo. App. 11; Flach v. Fason,
3 Mo. App. 561.  As the guardian in this case was insolvent
and had delayed his final settlement beyond the proper time
for it, I see no good reason in denying to the ward his right
to resort to the bond for the purpose of obtaining his estate."
Mitchell v. Kelly, supra, was an action by a guardian against
the administrator of a guardian who converted his ward's

property, became insolvent and died, and against the surety on the guardian's bond. It was held upon separate demurrer of the surety that the petition stated a cause of action against him and that the action could be maintained against him notwithstanding the objection that there had been no settlement of the guardian's account in the probate court. The court say : "The guardian is the managing agent for the ward, and his duty is primarily to account to him rather than to the court. * * * * When the guardian dies the trust does not pass to his executor or administrator. His personal representative stands toward the ward as any third person having money or property of the ward in his possession    *    *    *    and no substantial reason is apparent why the new guardian may not bring his action in the district court." To the same effect in principle is Davenport v. Olmstead, 43 Conn. 67. In the case here as against the demurrer an accounting is unnecessary upon the allegations of the petition. A sufficient reason for not bringing the action for a balance found due on an accounting is alleged. If the allegations of the petition be true and they must be taken as such in testing the sufficiency of the facts pleaded to constitute a cause of action then all of the trust estate including the ward's share which amounts to the sum of $3000 was converted by her guardian George A. Marks to his own use notwithstanding he had obligated himself by the terms of the bond "to faithfully execute the duties of said trust according to law" and upon the expiration of his trust to "account and pay over and deliver to the person entitled to the same all money or other property that may come into the hands of such guardian" and that such guardian was insolvent at the time of his death and his estate has continued to be insolvent and unable to pay any part of the claim. The conversion of the entire estate fixes the liability of the guardian at the time of his death as definitely as it could be fixed by an accounting. Girvin v Hickman, supra. The insolvency of the estate to the extent that none of the liability could be realized therefrom and the

inability of the defendant in error to produce the guardian's vouchers and receipts if any were taken, were also sufficient reasons for allowing the maintenance of the action against the surety upon the guardian's bond in the absence of a previous accounting, which upon the facts alleged was impossible and impracticable. State v. Roxen, supra; Otto v. Van Riper et al., supra; Long v. Long, supra; Haight v. Brislin, supra; Davenport v. Olmstead, supra. The ward was in no wise to blame for the existing condition and the impossibility or impracticability of rendering an account. It was the duty of the guardian to take and preserve the vouchers and receipts so that they might be produced upon an accounting and to render such account and the plaintiff in error obligated itself to her that the guardian would do so and it cannot now be heard to insist that an impracticable or impossible thing be done in order to fix its liability. We are of the opinion that the petition states a cause of action and also that it could be maintained in any court of competent jurisdiction in the State of Montana wherein the action accrued and for that reason it could be maintained in a court of like jurisdiction in this state.

It is urged that the amount of the recovery for which judgment was given is excessive. The evidence is not contained in the bill of exceptions. While the petition states a cause of action does it state a cause of action against the company for the amount claimed and for which judgment was rendered? The same wrong which is made the basis of this action would constitute a cause of action on the bond in favor of each obligee, and the aggregate liability of the surety thereon excluding interest could not exceed the amount of the bond, viz: $4800. The ward's interests in the trust property were equal and the liability of the surety to each ward would in the absence of a showing to the contrary be equal. Freedman v. Vallie, 75 S. W. 322 (Civ. App. Tex. June 6, 1903); Knox v. Kearns, 73 Ia. 286. In this separate suit on the bond by one of the obligees no facts are alleged as a reason for allowing this ward to re-

cover more.  The amount of recovery therefore should be limited to her one third 'of the penalty of the bond, and to that extent only does the petition state facts sufficient to constitute a cause of action.  We are of the opinion that as the judgment exceeds that amount that that is an error appearing upon the record within the provisions of Section 5109, Comp. Stat. 1910, and authorizes this court to modify the judgment in that respect.  The district court of Sheridan County is directed to modify the judgment by reducing the amount to the sum of $1600 and interest thereon at the rate of eight per cent. per annum from Dec. 1, 1898, the date of the demand upon the plaintiff in error, and costs, and as so modified the judgment will be affirmed.

*Affirmed.*

BEARD, C. J., and POTTER, J., concur.

### ON PETITION FOR REHEARING.

SCOTT, JUSTICE.

The opinion in this case is reported in 121 Pac. Rep. at page 541.  The defendant in error has filed his petition for a rehearing upon the last paragraph of the opinion in which this court for the reasons therein stated modified the judgment.

It is contended that the plaintiff in error did not assign as error that the amount of the recovery was excessive; that it did not except to the finding of the court as to the amount of recovery; that the same was not made a ground in the motion for a new trial nor is it here assigned as error.  Our attention was called to the error in the amount of recovery in the brief of the plaintiff in error, and our remarks were directed to the sufficiency of the petition and as to what amount the petition stated a cause of action if any.  It was held by this court in Nichols v. Commissioners, 13 Wyo. 1, that a final judgment may be reversed on error upon the ground that it is not supported by the pleadings or findings though no exception was taken to the judgment nor motion made in the court to vacate or modify it.  To the same effect

is McNamara v. O'Brien, 2 Wyo. 447. In Wood v. Nichol-
son, 43 Kan. 462, the defendant did not preserve any ex-
ception nor did he appear and answer in the lower court,
but took the case to the Supreme Court, alleging that the
petition did not state facts sufficient to constitute a cause of
acion. The Supreme Court found upon examination of the
record that the petition was fatally defective and say: "Any
material error apparent in the final judgment of a District
Court may be corrected by proceedings in error in this
court, although no exception was taken by the party com-
plaining, and no appearance by him at the trial arid judg-
ment, and no motion made to set aside the judgment."
This case was cited in Nichols v. Commissioners, supra, and
the rule quoted was there approved by this court. In dis-
cussing the sufficiency of the petition when the case was
here we determined the amount for which the petition stated
a good cause of action. The amount demanded exceeded
the amount to which the plaintiff was entitled. The prayer
for judgment is no part of the preceding allegations con-
stituting the cause of action and it is the allegations and
proof in support thereof which fixes the amount of recovery.
We held upon the allegations of the petition that a good
cause of action was stated for the sum of $1600 and interest
as therein stated and that in so far as the judgment ex-
ceeded that amount it was erroneous. We think there was
material error in the amount of the judgment as shown by
the record in connection with the pleadings and that matter
having been called to our attention in plaintiff in error's
brief that we properly took cognizance of the question, even
though there was no exception thereto in the record, and
directed the modification of the judgment upon a consid-
eration of the sufficiency of the facts alleged in the petition
which showed no right of recovery in excess of the amount
allowed by this court.

Upon examination of the record and files of the case we
find a further and additional reason why the conclusion
reached on this branch of the case should stand. The action

was for the recovery of money only and there was indorsed upon the summons served in this case as it appears among the original papers returned to this court the sum of $1600, for which plaintiff would take judgment in case the defendant failed to answer. This indorsement was in accordance with the requirements of §4354, Comp. Stat. 1910. The value of the ward's interest in the trust estate at the time of the alleged conversion was originally alleged in the typewritten petition to be $1600, and judgment was prayed for that amount. These figures in each place where they appeared in the petition as originally typewritten have had a pen with ink drawn through them and the figures $3000 written in ink inserted in their place. The figures $1600 as originally typewritten correspond with the figures indorsed on the summons indicating and notifying the defendant of the amount for which judgment would be taken in case the defendant failed to appear. The defendant answered setting up several defenses and the plaintiff filed a reply, and afterward amendments to his reply among others a third reply to the fourth defense. The same change from $1600 to $3000, and apparently made in the same manner appears in this pleading. The last sentence of the reply as originally typewritten is "Wherefore the said plaintiff prays judgment that it have of and recover from the said defendant the sum of $1600, as prayed for in plaintiff's petition." As changed $3000 is substituted for $1600 both in the petition and reply. We think it apparent that the change or amendment was made after the filing of the answer and required an order of the court permitting the same. §4437, Comp. Stat. 1910. There is no journal entry of any order permitting such amendment, either prior to or during the trial, or to amend the petition so as to conform to the facts proved. The bill of exceptions shows that when the case came on for trial and the plaintiff started to introduce evidence the defendant was represented by counsel and that objection was made to the introduction of any evidence on the ground that the petition failed to state facts sufficient to constitute a

cause of acion. This objection was overruled and defendant did not participate further in the trial of the case. We quote from the bill of exceptions as follows: "Defendant excepts. The defendant in view of the ruling of the court states that it is not prepared to go into the trial of the case, and declines to go into any accounting under the pleadings and that it is not prepared to do so and refuses to participate further." As to whether this amounted to a withdrawal of appearance and carried out of the case defendant's answer we need not here determine. It may be conceded, however, that it did not deprive the court of its jurisdiction in personam which had once attached. 3 Cyc. 530. The refusal to take further part in the proceedings had reference to the issues then on trial. It will be presumed that the amendment of the amount sought to be recovered was made by permission of the court first had and obtained. Up to the time of the withdrawal of the defendant from the trial the record seems to be complete. After such withdrawal the record of the proceedings is incomplete for it is not preserved by bill of exceptions, but notwithstanding that fact we assume that counsel acted in good faith and obtained the permission of the court to amend the petition after the defendant withdrew from the trial. Assuming this to be so the defendant withdrew leaving the issues just as they stood at the time.

If the amendment affected and changed the theory of plaintiff's right to recover as set forth in the petition, and we think it did, then notice ought to have been given to the defendant.

It is alleged in the petition as amended "that on or about August 7, 1900, the said George A. Marks as guardian of the estates of the said Clara E. Marks, J. Mabel Marks (now Simpson the ward of defendant in error here) and James R. Marks received from George A. Marks, as administrator of the estate of James P. Marks, deceased, and took into his possession and under his control certain personal property including horses and cattle in which the said

Jennie Mabel Simpson owned an undivided one-fifth interest the value of her interest therein being about Eight Hundred Dollars. That the said Marks never filed but one report in the court in which he was appointed, to-wit, in June, 1902, and according to said report the said Marks had in his possession property aggregating in value $4500, and of which property the said Jennie Mabel Simpson owned one-fifth. * * * That the said property so increased in value and the said horses and cattle so increased in numbers by propagation that the value of the interest of the said Jennie Mabel Simpson in and to the same amounted to $3000," at the time of the conversion of the property by her guardian. That the value of the other wards' interest in the trust property increased in the same manner must be conceded, and the guardian's conversion was of the entire trust estate.

It is thus alleged in the petition the extent of and how the interest of this ward alleged to have been of the value of $800 at the time the property went into the custody of the guardian became and was of the value of $3000 at the time of the conversion. It was by the natural increase of the property, one-fifth of which continued to be hers, and not by her acquiring any greater right in and to the trust estate as against the other two wards. The source of title was the same as to the three wards, that is to say, it came from and through the administration of the estate of James P. Marks, deceased, and one-fifth of such estate represented the interest of plaintiff's ward, and there were two other wards of the same guardian who were apparently equally interested with this ward in the trust property and whose source of title is the same. Giving the allegations of the petition a liberal construction and as there is nothing alleged showing any change in the proportionate ownership of plaintiff's ward it will be presumed that her interest continues the same. (31 Cyc. 86.) The plaintiff is bound by the allegations of the petition, and that being so the amount which plaintiff's ward is entitled to recover on the bond in this

suit is fixed in proportion to her pro rata share of the trust estate.

As we have seen, her share was one-fifth of the estate of James P. Marks, deceased, as against the other wards, or one-third of the trust estate for which the bond was given. The petition ought not to be sustained for a greater amount in the absence of averment showing how, as against the other wards, she had acquired a greater interest in the property. The enhancement of the value by the natural increase accrued to the other wards as well as to her, while the proportionate ownership, loss of the property and liability on the bond remained the same. The petition for a rehearing is denied.

BEARD, C. J., and POTTER, J., concur.