## HOOKS v. EVANS ET AL.

1. **Guardian and Ward**: SALE OF WARD'S LAND ON PARTITION: LIA-
BILITY OF SURETIES ON GENERAL BOND FOR PROCEEDS OF SALE:
EXTENT OF LIABILITY TO EACH OF SEVERAL WARDS. When the
real estate of the ward is sold, not at a guardian's sale, but at a referee's
sale, made in proceedings for a partition, there is no provision of statute
that the guardian shall give a special bond for the proceeds, and the
sureties on his general bond are liable therefor. But where the sure-
ties were bound in the sum of $600 only, in one bond, for four wards,
and there was no other bond, judgment should not have been rendered
against them upon the action of one of the wards for more than $150,
unless the other wards were made parties, and it was shown that a
larger judgment would not deprive them of a fair share of the security.

*Appeal from Harrison District Court.*

THURSDAY, DECEMBER 17.

THIS action was brought by the plaintiff, Kate Hooks,
against the defendant Evans, as her former guardian, and
against the defendants Grow and Stocker, as sureties upon
the guardian's bond. There was a trial without a jury, and
judgment was rendered against Evans only. The plaintiff
appeals.

*S. H. Cochran* and *John A. Berry*, for appellants.

*H. H. Roadifer* and *J. H. Smith*, for appellees.

ADAMS, J.—I. The defendant Evans was charged with
failing to account for certain money and notes which came
into his hands as proceeds of the sale of certain real estate.
The bond in question was Evans' general bond. The ruling
of the court below that the guardian was liable, but that the
sureties upon his bond were not, was doubtless based upon
the rule held in *Madison Co. v. Johnston*, 51 Iowa, 152, and
*Bunce v. Bunce*, 65 Id., 106. But the ruling in those cases
was made with reference to the proceeds of sales made by the

guardian himself. In the case at bar the sale was made by referees in a proceeding for partition. The question presented is as to whether the ruling in those cases is applicable to this. In our opinion it is not. The Code expressly provides that the guardian, when about to sell real estate, shall give a special bond as security for the proceeds of the sale, as a condition precedent to his right to sell. Section 2261. Where such bond is given, it has been repeatedly held that the ward cannot look to the sureties upon the general bond, in case of failure of the guardian to account for the proceeds. In *Bunce v. Bunce*, above cited, the court went further, and held that, even where a special sale bond was not given, the ward could not look to the sureties upon the general bond, because those sureties, when they signed the general bond, had a right to suppose, in case of a guardian's sale of real estate, that a special sale bond would be given, and it was thought that their liability could not properly be held to be greater than they had reason to suppose it would be at the time it was assumed.

When, however, real estate of the ward is sold, not at a guardian's sale, but at a referee's sale, made in proceedings for a partition, the case is different. There is no provision of statute that a special bond shall be given, and the sureties cannot be allowed to say that they had reason to suppose that there would be. Their liability, therefore, must be determined solely by the terms of their contract. *Com. v. Loyd*, 12 Phila., 221; *Blauser v. Diehl*, 90 Pa. St., 350. Now, when we look into their contract, we find it to be that the guardian "shall, from time to time, whenever thereunto required by law, render and pay to said minors all moneys, goods, chattels, title-papers and effects which may come into the hands or possession of such guardian." It is urged by the sureties that these words are to be construed with reference to the circumstances existing at the time the bond was given, and that, so construed, the contract could not be held to cover the moneys and notes in question, because at that time they

had no existence. It is also urged that the statute provides that the amount of the bond shall be double the value of the personal estate, and of the rents and profits of the real estate; and, as personal estate not then in existence, like that in question, could not be taken into consideration in fixing the amount of the bond, we ought to presume that it was not the intention of the law that the bond should be regarded as security for it. But we cannot think that the intention was that the ward should be without security for such property. It is true, it could not be estimated in fixing the amount of the bond, but the bond is to be double the value of the personal estate then seen; and, besides, an additional bond can be required from time to time, as the court shall think that the full protection of the ward demands. This property having come into the hands of the guardian as the ward's personal estate, but not as the proceeds of a guardian's sale of real estate for which a special provision is made, we think we must treat it like other personal estate of the ward, and regard the bond in question as security for it.

It is contended by the sureties that, even if such were the correct rule in case of a referee's sale, it ought not to be applied in the case at bar, because what was set up as a referee's sale was not such in fact, and ought not to be regarded as any sale at all. We do not deem it important to specially notice the objections urged against the validity of the sale. It is certain that the purchasers at the sale have paid their money, and the plaintiff has elected to take judgment for the same against the guardian, to whom it was paid. Under these circumstances, she would be estopped from questioning the validity of the sale, and we do not think that we would be justified in this proceeding in holding it invalid.

II. One question remains to be determined, and that is as to the amount for which these sureties are liable in this case. The judgment against the guardian was for $736.12. The penalty of the bond is $600. The judgment against the sureties might be for the amount of the penalty of the

bond, but for the fact, which remains to be stated, that Evans was appointed guardian, not only for the plaintiff, but for three others, and the bond in question was given for their benefit, and was the only one given for the four. It is manifest that the aggregate liability of the sureties to the four wards could not exceed $600. The other three wards are not made parties, and without them no judgment can be rendered by which their rights can be impaired. It follows that the court below should have rendered judgment against the sureties for $150, and only that.

· REVERSED.