EDMONDS v. EDMONDS ET AL.

1. Guardian: BOND TO SECURE THREE WARDS: ACTION BY ONE: AMOUNT OF RECOVERY. When a guardian's bond is for the benefit of several wards, neither of them is entitled to recover as against the sureties more than one-third, or his *pro rata* share, of the penalty. (Compare *Hooks v. Evans*, 68 Iowa, 52, and *Knox v. Kearns*, *ante*, 286.

*Appeal from Benton, District Court*—HON. JAMES D. GIFFEN, Judge.

WEDNESDAY, DECEMBER 14.

ACTION on a guardian's bond. There was a verdict and judgment for plaintiff, and the sureties on the bond appeal.

*Nichols & Burnham*, for appellants.

*Gilchrist & Haines*, for appellee.

REED, J.—The penalty of the bond sued on is $4,000, and it was given for the benefit of three wards. The sureties pleaded that an action had been brought on the bond by the present guardian of the other two wards, and that there had been a recovery in that action of $3,546.04. The district court sustained a demurrer to the division of the answer in

which those facts were pleaded. The position urged by counsel for the appellants is, that as there has already been a recovery on the bond for that amount, and as the sureties cannot be held for any greater amount than the penalty, plaintiff is not in any event entitled to recover more than the difference between the penalty and the amount of that judgment. We held in *Hooks v. Evans*, 68 Iowa, 52, and *Knox v. Kearns, ante*, p. 286, (which is the cause in which the former recovery was had,) that when the bond is for the benefit of several wards, and the defalcation is for an amount in excess of the penalty, neither of them is entitled to recover, as against the sureties, more than his *pro rata* share of the penalty. It may be that it follows logically from that holding that each ward would in such case be entitled to recover the full amount of his *pro rata* share of the penalty, regardless of the fact that the others had already recovered an amount in excess of their share. But we need not go into that question, for, if the correctness of that proposition should be admitted, the ruling of the district court on the demurrer could not be sustained. Plaintiff was seeking to recover, and by the judgment was permitted to recover, an amount considerably in excess of one-third of the penalty of the bond. Under the division of the answer to which the demurrer was sustained, defendants, while they were not entitled to the full measure of relief demanded, were entitled to some relief against plaintiff's claim. The demurrer should therefore have been overruled.

The other questions in the case are disposed of in *Knox v. Kearns, supra*.          REVERSED.