## SOUTHERN SURETY CO. v. WILLIAMS et al.

No. 13761—Opinion Filed Sept. 30, 1924.

Rehearing Denied Dec. 16, 1924.

**1. Abatement and Revival—Death of Plaintiffs—Revival Without Notice.**

Where, after the parties have announced ready for trial, the death of two of the plaintiffs was first suggested, it was error to enter an order reviving the action in the name of their successor without the consent of the defendant and without previous notice of the application to revive.

**2. Same—Defendant's Right to Time to Plead.**

Where, after the evidence was in, by leave of the court the successor of the deceased plaintiffs filed a supplemental petition alleging grounds necessary for him to recover against the defendant, it was error to deny the defendant a reasonable time in which to make investigations as to the deaths, and the right of succession, and to file answer.

**3. Guardian and Ward — Liability on Guardian's Bond — Conclusiveness of Judgment.**

In the absence of fraud, the surety on a guardian's bond is concluded by a judgment of the county court, otherwise valid and not appealed from, fixing liability of the guardian.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1

Error from District Court, Choctaw County; E. F. Lester, Assigned Judge.

Action by Zegar Williams, Stephen Williams, Pearie Williams, Myrtle Williams, Isham Williams, and Annie Williams, minors, by their legally appointed and acting guardian, Israel Williams, against Eastman Roberts and the Southern Surety Company, a corporation. Judgment for plaintiffs and defendant surety company appeals. Remanded with directions.

Calvin Jones, A. A. McDonald, and A. W. Trice, for plaintiff in error.

E. A. Blythe and R. H. Stanley, for defendants in error.

Opinion by RAY, C. This suit was commenced by Zegar Williams, Stephen Williams, Pearlie Williams, Myrtle Williams, Isham Williams, and Annie Williams, minors, by their guardian, Israel Williams, against Eastman Roberts, their former guardian, and the Southern Surety Company, as surety, to recover on a special or sales bond given in the sale through the county court of certain lands belonging to the minors. The suit was on a judgment of the county court of Choctaw county, where it was adjudged that there came into the hands of the guardian the sum of $700, proceeds of the sale of the lands, which sale was confirmed by the county court, and that the guardian had failed to acount for the same.

After the parties had announced ready for trial, counsel for plaintiffs asked to have A. M. Novell, the then guardian of two of the plaintiffs, Annie Williams and Isham Williams, substituted as plaintiff for Israel Williams, the former guardian, and further announced to the court that Zegar Pearl Myrtle Williams and Stephen Williams, plaintiffs, had died, and asked to substitute the name of Israel Williams as the heir of the deceased minors, which was permitted by the court, and an order to that effect entered over the objection of the defendants.

Evidence was adduced by plaintiffs to the effect that "Zegar" was a nickname for Pearl Myrtle Williams, and that Zegar and Pearl Myrtle Williams were one and the same

person, and that she and Stephen Williams had been dead for a number of years. After the evidence was in, the plaintiffs, by leave of court, filed a supplemental petition. The allegations of the supplemental petition necessary to a consideration of the questions presented are as follows:

"These plaintiffs further state that Israel Williams is the father of all of the said named minors, that is to say, Stephen, 'Zegar' Pearly Myrtle, Isham and Annie Williams; that the said Zegar Pearly Myrtle Williams and Stephen Williams have died, and that Zegar Williams and Pearly Myrtle Williams are one and the same person, and that Israel Williams as the father of said minors has succeeded to their interest; that he is the sole and only heir of said minors, they having died intestate and without issue."

Counsel for the defendant then stated to the court that they had no knowledge of the death of the two minors until such announcement had been made at the commencement of the trial, and had no knowledge that it was contended that Zegar and Pearly Myrtle were one and the same person, until disclosed by the plaintiff's evidence, and asked for time in which to make investigations as to whether Zegar and Pearly Myrtle were one and the same person, and of the deaths of the two minors, and the heirship of Israel Williams. No written application for a continuance was filed. The court instructed a verdict for the plaintiffs for $1,000, being for the principal sum of $700 claimed, and interest. From this judgment the surety company has appealed.

It is agreed in the briefs that the bond is several. One of the obligees named in the bond, Samuel Glover, was not made a party, either plaintiff or defendant. Recovery, therefore, could be had only for the amount of the proportionate shares of the several plaintiffs. Title Guaranty and Surety Co. v. Foster, 84 Okla. 291, 203 Pac. 231. In that case it was said:

"We know of no case holding that each of the obligees under a bond of this character can recover the full penalty. Whereas U. S. F. & G. Co. v. Parker, 20 Wyo. 29, 121 Pac. 532, 536, Hooks v. Evans, 68 Iowa. 52, 25 N. W. 925, Trumpler v. Cotton, 109 Cal. 250, 41 Pac 1033, Edmunds v. Edmunds, 73 Iowa, 427, 35 N. W. 505, U. S. F. & G. Co, v. Nash, 20 Wyo. 65, 121 Pac. 541, and the same case on rehearing in 20 Wyo. 82, 124 Pac. 269, expressly hold that the penalty named in the bond is the maximum liability of the sureties, and that neither of the obligees can recover more than their several proportion in the bond."

No serious complaint is made of the substitution of A. M. Novell, guardian, as

plaintiff, for Israel Williams, former guardian, but it is contended that the court erred in ordering the revivor in the name of Israel Williams as the sole heir of the deceased minors, plaintiffs, without consent of the defendant, and without the notice provided by statute. It is conceded, that notice of the application for the order of revivor was not given as required by section 831, Comp. Stat. 1921, which reads as follows:

"If the order is made by the consent of the parties, the action shall forthwith stand revived; and, if not made by consent, notice of the application for such order shall be served in the same manner and returned at the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made."

This court has previously held that if the order of revivor is not made by consent, then the notice and service thereof, as required by this section, are necessary to confer upon the court power to make the order of revivor.

The second paragraph of the syllabus in Zahn v. Obert et al., 60 Okla. 118, 159 Pac. 298, is as follows:

"A careful examination of sections 5288, 5293, 5294, Rev. Laws 1910, noticing the phraseology and punctuation, clearly shows that no consent is necessary if the order to revive the action is made before the expiration of one year from the time the order might have been first made. If made with the consent either before or after the expiration of one year from the time the order might have been first made, no notice, as required in section 5288, supra, is necessary. If made before the expiration of one year without consent, then the notice and service thereof required by section 5288, supra, become jurisdictional and mandatory. It cannot be made at all after the expiration of one year without consent."

But it is contended that this statute is not exclusive, but that the action was properly revived by causing the heir to be made party plaintiff and filing the supplemental petition alleging that Israel Williams was the father and sole heir of the deceased plaintiffs, and plaintiffs rely upon the case of Boyes et al. v. Masters et al., 28 Okla. 409, 114 Pac. 710. In that case it was held that the method of revivor provided by the chapter on revivor of actions is not exclusive of all others, but that revivor could be had under the following sections:

"Section 223, Comp. Stat. 1921. An action does not abate by the death or other disability of a party or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representatives or successors in interest, upon such terms and in such time as may be just under the circumstances presented. In case of any other transfer of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action.

"Section 323, Comp. Stat. 1921. Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer or reply alleging facts material to the case, occurring after the former petition, answer or reply."

Boyes v. Masters, supra, was followed and approved in Glenn et al. v. Payne et al., 48 Okla. 196, 149 Pac. 1151. It was there held:

"That said cause may, in the sound discretion of the trial court, be revived and carried forward to final judgment, under sections 4238, 4348, Wilson's Rev. & Ann. St. 1903, which are sections 5572, 5684, Comp. Laws 1909, Comp. Stat. 1921, secs. 223, 323 and were in force at that time; and held, further, that article 19, c. 66, Wilson's Rev. & Ann. St. 1903, limiting the time within which revivor of actions could be made to one year from the time it could have been first made, is not exclusive."

Under the above authorities the revivor is within the sole discretion of the trial court, but it was not within the discretion of the trial court to permit the supplemental petition to be filed after evidence was in, without notice, and to direct a verdict for the plaintiffs without giving the defendant a reasonable time to make investigations as to the material facts alleged in the supplemental petition and file answer. The sections upon which they rely require notice of filing the supplemental petition. Section 223 provides that the action may continue "upon such terms and in such time as may be just under the circumstances presented." Section 323 permits the supplemental petition "on notice, and on such terms, as to costs, as the court may prescribe." The attempted revivor was permitted and the supplemental petition filed after it had been shown that the two minors had been dead some six or seven years, upon showing that counsel for plaintiffs had no knowledge of such deaths until the morning of the trial. If the attorneys for the plaintiffs had no knowledge of the death of the minors, then it cannot be presumed that the defendant had such knowledge. Counsel for defendant surety company

assured the court that they had no such knowledge until the announcement was made in open court by attorneys for plaintiffs, and asked to be given a reasonable time to make investigations as to whether the minors were dead, when they died, and whether Israel Williams was the father and sole heir of the deceased minors, and to file answer. Proof of the allegations of the supplemental petition was necessary for the father to recover as the heir of the deceased plaintiffs. The averments of the supplemental petition were issuable, and the defendant should have been given a reasonable time to make the necessary investigations and to file answer. The suit had been pending about five years with Zegar Williams as a party plaintiff. The allegation that Zegar and Pearlie Myrtle were one and the same person, and the allegation that Israel Williams was the sole heir of Zegar Pearlie Myrtle and Stephen Williams were allegations material to the right of Israel Williams to recover.

The surety company offered to prove by oral testimony that the title to a portion of the land sold under the order of sale failed, and that, after the sale was confirmed by the county court and the guardian had received the money and executed a deed to the purchaser, it was discovered that the title had failed as to a portion of the land sold, and that, pursuant to an agreement entered into between the guardian, the purchaser, and the county judge, that $350 was the amount the guardian had received for the land to which title had failed, and that that amount of money should be returned to the purchaser, the guardian did return to the purchaser the sum of $350, and the purchaser reconveyed that particular land to the minors. Evidence was also offered to the effect that the balance of the money had been expended for the benefit of the minors. This evidence was excluded by the court upon the ground that the judgment of the county court determining the liability of the guardian having become final, was conclusive, and in this the court did not err. It was not alleged or sought to be proved that the judgment of the county court determining the liability of the guardian was fraudulently secured. It has been held in a long line of decisions of this court that sureties on a guardian's bond, in the absence of fraud, are concluded by the decree of the county court, duly entered on a hearing on an accounting or final settlement, as to the amount of the principal liability, although the sureties are not parties to the accounting. Southern Surety Co. v. Burney et al., 34 Okla. 552, 126 Pac. 748; Title Guaranty and Surety Co. v. Slinker, 35 Okla. 128, 128

Pac. 696; Southwestern Surety Ins. Co. v. Richards, 62 Okla. 122, 162 Pac. 468; Aetna Accident and Liability Co. v. Langley, 68 Okla. 283, 174 Pac. 1046. But, it is contended the evidence was admissible under the authority of Smith v. Garnett, 62 Okla. 76, 161 Pac. 1083, where the court in the syllabus, said:

"A valid final order of the county court, finding only the amount due from a guardian to his ward, is binding upon both the guardian and his bondsmen liable therefor as to such amount due, but it is not binding as to whether the obligation of a particular surety covers liability for a defalcation of such amount by the guardian."

In the instant case there was no attempt made in the judgment of the county court to fix the liability of the surety, but to fix the amount due from the guardian to his wards. It was adjudged that the land was sold, the sale was approved, and the money received by the guardian, for which he had failed to account.

The cause should be remanded, with directions to vacate the judgment and enter judgment in favor of Annie Williams and Isham Williams, each in the sum of $116.66 2-3, or 1-6 of the amount of the bond, with interest from date of the judgment of the county court, March 12, 1917, and grant the defendant surety company a new trial as to Israel Williams, successor to the deceased minors.

By the Court: It is so ordered.