AMERICAN INDEMNITY CO. v. PADGETT.

No. 14015.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 26, 1940.

Cantey, Hanger, McMahon, McKnight & Johnson and Byron Scarborough, all of Fort Worth, for appellant.

Culbertson & Morgan and M. Ward Bailey, all of Fort Worth, for appellee.

SPEER, Justice.

This suit was instituted by appellee, David Oscar Padgett, Jr., against appellant, American Indemnity Company, a corporation, to recover on a guardian's general bond.

On September 30th, 1930, D. O. Padgett, Sr., was appointed, by the Probate Court of Tarrant County, as guardian of the person and estate of appellee, then a minor. The guardian executed his general bond, in the sum of $7,000, but on his application, the Court, on January 30th, 1931, reduced the bond to $1,000. Appellant became surety on that bond.

In March, 1931, the guardian of appellee joined with others in a suit for partition of a landed estate in Parker County, in which his ward had an interest. By a judgment entered in the District Court of Parker County, it was determined that appellee owned and was entitled to an undivided one-fourth interest in about 400 acres of land in said County, inherited by him from his grandfather, J. H. Johnson, then deceased. The judgment further provided that the land was not susceptible to an equitable partition in kind, and found that it was necessary to sell the property and divide the proceeds arising therefrom. A receiver was appointed, with instructions to sell the land, making the usual and customary provisions for reports to and orders by the court.

A brief summary of the subsequent proceedings is that the receiver sold the land and received certain cash payments and accepted notes secured by vendor's lien for deferred payments. The guardian received for his ward, growing out of the partition suit, over $700 in cash and a vendor's lien note for $2,313.96, dated May 12th, 1932, due two years after date, bearing interest at six per cent per annum, payable to D. O. Padgett, Sr., guardian of the estate of D. O. Padgett, Jr.

The guardian was adjudged insane on March 10th, 1937, was insolvent and was not made a party defendant in this suit. Appellee reached his majority in December, 1937, and in 1939, filed his bill of review in the Probate Court of Tarrant County, to set aside the former order of that Court reducing the general bond of the guardian from $7,000 to $1,000. That relief was denied by an order of the Court entered on February 20th, 1939. In the judgment, it is recited that under the pleadings of the parties, the Court found and declared that the guardian had received for his ward (appellee) from the estate of J. H. Johnson, deceased (appellee's grandfather) $3,665.44, and had accounted to the court for $1,016.69; that said guardian had failed and refused to account for $2,648.75 of said funds so received by him. The general bond for $1,000, upon which the guardian was principal and the appellant was surety, was effective at all times after its execution until and including the trial date of this case.

The Probate Court of Tarrant County exercised no control or jurisdiction in said estate relating to the partition suit in Parker County by the guardian and others, wherein the estate of J. H. Johnson, deceased, was partitioned and from which the guardian received the interest of his ward. In this connection, the trial court, in his fact findings, says: "That the said guardian (D. O. Padgett, Sr.) did not make any application to the Probate Court of Tarrant County for an order authorizing a sale of the ward's interest in the property in Parker County, Texas, no order was entered approving such sale, no sale bond was required or given in connection with said sale, no application was made by the guardian in connection with the ward's estate for permission to file or participate in said partition suit, no order entered thereon seeking ratification of said partition sale and no order entered approving or confirming any partition, and that there has been no guardian's deed executed for and on behalf of the estate of said ward and no authorization from the Probate Court of Tarrant County to make such a deed, and that the Probate Court of Tarrant County, Texas, exercised no jurisdiction whatsoever over the sale of the ward's interest in and to the land in Parker County, Texas."

The cause was tried to the Court without the intervention of a jury. Judgment was entered in favor of appellee for $1,000 against appellant on the general bond of the guardian; hence this appeal by the surety on the bond.

The appellant seeks a reversal of the judgment upon five propositions, and the assignments of error to which they relate. The first three of these propositions assert error by the trial court in entering judgment against appellant, as surety on the guardian's general bond, when all the facts show, (a) that the funds which came into the hands of the guardian resulted from a sale of the ward's interest in lands in Parker County, Texas, (b) the funds for which the guardian failed to account were indisputably those arising from that sale, and (c) no application to the Probate Court was made for the guardian to participate in a partition suit, no order therefor was made, no application was made to the Probate Court for the guardian to sell the interest of the ward in the land, no authority was given, no report of sale was made, no confirmation thereof and no sale bond was required of the guardian to make such a sale. It is therefore contended that there was no liability for the accounting of said funds as against the general bond and appellant as surety thereon, for funds arising from the sale.

In its brief, appellant treats this transaction as one in which a guardian has sold the land of his ward, in which event he is required by statute to execute a sale bond, as provided by Article 4216. It is further contended that the general bond, upon which appellant was liable, was given in obedience to the requirements of Article 4141, R.C.S., which, in part, provides: "The bond of the guardian of the estate of a ward shall be in an amount equal to double the estimated value of the personal property belonging to such estate, plus a reasonable amount to be fixed at the discretion of the county judge, to cover rents, revenues and income derived from the renting or use of real estate belonging to

such estate. * * * conditioned that such guardian will faithfully discharge the duties of guardian of the estate of such ward according to law. * * *"

This article further provides that the County Judge shall from time to time inquire into the sufficiency of the bond, and if found inadequate, shall require the guardian to execute another, providing ample security for the performance of his duties as guardian.

We think appellant's premise is wrong. This was not a sale of real estate by a guardian, as contemplated by the several provisions of the statute. It is well settled by the decisions of our courts that under the provisions of our statutes, as they existed when this transaction took place, that the sureties on a general bond of the guardian are not responsible for the accounting of funds acquired by a guardian from a sale of real estate belonging to his ward. Perhaps the leading case on that point is American Indemnity Co. v. Noble, Tex.Com.App., 235 S.W. 867. The rule there announced has since been followed several times by other courts in the State.

In the instant case, the Probate Court of Tarrant County did not assume to exercise any jurisdiction in the matter of acquiring by the guardian the estate of his ward in the land in Parker County. In fact, it is not made to appear from the record before us that the ward had any interest in his grandfather's estate in that county at the time the probate court set and approved the guardian's general bond, upon which appellant was surety. This interest or estate of the ward did not accrue until the death of his grandfather, J. H. Johnson. The record does not reveal when this occurred.

It was one of the general duties of the guardian to take into his possession all of the estate of his ward. He was obligated by the terms of his general bond to faithfully discharge his duties as such guardian. By the provisions of Article 4164, R.C.S., the guardian is entitled to the possession and management of all the property of his ward. By Article 4168, R.C.S., he is required to use due diligence to recover possession of all property to which the ward has a title or claim.

On March 17th, 1931, the guardian of appellee joined with others in a suit in the District Court of Parker County for partition of about 400 acres of land, in which it was claimed that appellee (the ward) had an interest. This action, as we construe it, was in keeping with the guardian's general duty to get into his possession property "to which his ward had a title or claim." Under and by virtue of the judgment entered in that cause on April 10th, 1931, the guardian recovered and took into his possession, not land representing the interest of his ward, but more than $3,000 consisting of cash and a vendor's lien note for $2,313.96. Of course, what he received for his ward was personal property. The judgment of the District Court of Parker County shows that the ward was entitled to an undivided one-fourth interest in the land, but that it could not be equitably set apart in kind to the guardian for his ward; that a necessity existed for a receiver to be appointed by the court with instructions to sell the land and divide the proceeds between the joint owners in the proportions their respective interests were found by the court to exist.

There is no doubt in our minds that the District Court of Parker County had jurisdiction of the parties and the subject matter, when it entered the judgment of partition. This record does not disclose that the guardian sought a sale of his ward's interest in the land by asking the court to decree such a sale; even if he had the action would have been nonetheless one of partition. Our District Courts from the date of their creation have possessed equitable powers, independent of a statutory provision, to effectuate a partition of land by ordering it sold and a division of the proceeds, when the court is convinced that the rights of the parties demand it. The fact that one interest in the land is owned by a minor does not defeat the jurisdiction of the court to partition, nor to administer equitable rules of procedure in consummating that end. Moore v. Blagge, 91 Tex. 151, 38 S.W. 979, 41 S.W. 465; Laird et al. v. Gulf Production Co., Tex.Civ.App., 64 S.W.2d 1080, writ dismissed.

The testimony shows that the vendor's lien note taken by the guardian in the transaction was paid in full by the son of the maker of the note. The judgment of the Probate Court in the bill of review proceeding shows that the guardian had not accounted to the court for $2,648.75 of the funds received from the Parker County suit. The ward testified that he had received no part of it since becoming of age.

One of the duties enjoined upon the guardian by the conditions of his general bond was to faithfully discharge his

duties. That duty embraced reducing the property of the ward to his possession. When once in his possession, it was likewise a part of his general duty as such guardian to account for it.

In Sargent v. Wallis, 67 Tex. 483 at page 487, 3 S.W. 721, it was said: "The bond of the guardian bound him, not only to account for and pay over such money or other effects of his ward as came into his hands, but also to faithfully discharge the duties of guardian of the estate of his ward according to law."

We have found no case in which the courts of this State have had the precise question before them that now confronts us, nor have we one such cited in the briefs before us. We are cited by appellee to Hooks v. Evans et al., 68 Iowa 52, 25 N.W. 925, the reasoning in which we think is sound and applicable to the point before us. The opinion reveals that the statutes of that state provide very much as do those of this state in guardianship matters. There, as in this state, a general bond is required of a guardian. The conditions of that bond in Iowa is that the "guardian 'shall, from time to time, whenever thereunto required by law, render and pay unto said minors all moneys, goods, chattels, title papers, and effects which may come into the hands or possession of such guardian'". It is also provided by statute in that state that the "guardian when about to sell real estate shall give a special bond as security for the proceeds of the sale, as a condition precedent to his right to sell." In the cited case, a suit was instituted by a ward against her guardian and his sureties on his general guardian's bond for proceeds of a sale of real estate by a referee in a partition suit. In drawing the distinction between the liability of sureties on a sale bond, and the sureties on the general bond, the court said: "When, however, real estate of the ward is sold, not at a guardian's sale, but at a referee's sale, made in proceedings for a partition, the case is different. There is no provision of statute that a special bond shall be given, and the sureties cannot be allowed to say that they had reason to suppose that there would be. Their liability, therefore, must be determined solely by the terms of their contract."

It was urged there by the sureties, as is done in the instant case, that the provisions of the statute only required the guardian to make a general bond in double the amount of personal property on hand, plus a reasonable amount to cover rents and revenues arising from real estate; that a personal estate not then in existence, such as the one there in controversy could not be contemplated by the parties to the contract and that the court should not construe the bond as security for such new property. Court further said: "But we cannot think that the intention was that the ward should be without security for such property. * * * This property having come into the hands of the guardian as the ward's personal estate, but not as the proceeds of a guardian's sale of real estate for which a special provision is made, we think we must treat it like other personal estate of the ward, and regard the bond in question as security for it."

In the instant case, we think it is clear that the funds coming into the hands of the guardian as a result of the receiver's sale of the land in Parker County, constituted additional personal property belonging to the ward, for the accounting of which the general bond was security, to the same extent as if it had been on hand when the bond was executed. Our statutes which provide for the giving of the general bond, do not expressly nor impliedly limit the liability of the signers of the bond to property then on hand or that may arise from rents and revenues from real estate. As has been seen, if the guardian should thereafter seek to sell real estate belonging to his ward, he was required to make a sales bond to secure the proceeds arising therefrom, and the makers of the general bond had a right to anticipate that this would be done; but the funds involved in this suit, coming into the guardian's hands, did not arise from that source. The general bond in this case is grossly inadequate in amount, but such as it is, must be held to secure the faithful performance of the guardian to the trust imposed upon him by law, to the extent of the amount contracted for.

We have reached the conclusion and so hold that, it was within the general duties of the guardian to recover possession of his ward's estate, consisting of the interest in the land in Parker County; that it being an undivided interest, he could and should institute a proper suit to reduce it to possession and seg-

regate it from the joint interests of others, if it was to the best interest of his ward; the District Court of Parker County had jurisdiction of the parties and subject matter in the partition suit, without order or leave from the Probate Court of Tarrant County; that the District Court could, upon a determination that the land was not capable of an equitable partition, order it sold by a receiver and the proceeds arising therefrom be divided among the owners as their respective interests may appear; that when the guardian received in cash and notes the proportionate amount to which his ward was entitled, he and his sureties on his general bond became ·responsible for the accounting therefor, as a performance of the faithful discharge of his duties as guardian. The contentions of appellant to the contrary, raised by its propositions one to three, are overruled.

▉ Appellant's fourth and fifth propositions raise the questions of the sufficiency of the pleadings of appellee to support the judgment rendered and vice versa the variance between the pleadings and proof offered. As we construe the petition upon which this case was tried, it is one against appellant as surety on the guardian's general bond, for a failure of the guardian to faithfully discharge his duties as guardian, according to law; in that the guardian received personal property in cash and a vendor's lien note, all amounting to more than $3,600, belonging to the estate of the ward; that he collected the note, reducing it to cash, and thereafter failed and refused to account for approximately $2,600 of it.

The uncontradicted proof shows that the cash was received by the guardian from the receiver appointed by the District Court of Parker County to sell the land; that he also received the vendor's lien note ·from the purchaser of the land, representing the unpaid balance for which the receiver sold the ward's interest; that the son of the maker of the note paid it in full to the guardian. It further appears from the judgment of the Probate Court in which the guardianship proceedings were pending, entered on February 20th, 1939, that the guardian had not accounted to the court for $2,648.75 of the funds received by him, and that the guardian had not invested any part of that sum for the use and benefit of his ward ·under orders of the court, and further that the· guardian

had made no final account and had refused to do so, and that the guardian had failed and refused to account to the ward for said funds. The ward, the appellee here, more than twenty-one years of age when this suit was instituted, testified that his guardian had not accounted to him for any part of said fund. The trial court found from the facts before him, in findings of fact and conclusions of law, requested by appellant, at paragraph five, as follows: "That the said D. O. Padgett, Sr. (the guardian) did not account to or pay to the said David Oscar Padgett, Jr. (the ward) all or any part of the sum of $2,648.75, which the said Probate Court found that the said D. O. Padgett, Sr. was in default."

While the witness, J. J. Miles, was on the stand testifying as a witness, appellee had him identify the canceled checks issued by him to D. O. Padgett, by which the witness claimed he paid the vendor's lien note. The checks were put in evidence as exhibits. Each of those checks recites: "Pay to D. O. Padgett or order" so much, stating the amount. The checks were indorsed by D. O. Padgett. It is contended by appellant that because the checks were not payable to "D. O. Padgett, Sr., Guardian", or in some way to indicate that they were payable to him in his fiduciary capacity, they did not constitute proof of payment to the guardian as such. The witness who made payment by executing the several checks testified that they were delivered by him to D. O. Padgett, Sr.; that he saw that person indorse the checks; that when he had paid the whole note, it was delivered to him, with notation thereon that it was paid ·in full.

The judgment of the Probate Court, in which it was determined that the guardian had defaulted in the sum of $2,648.75, was well within the jurisdiction of that court. It being regular upon its face, was binding on all parties, including the guardian and the sureties on his bond. In this action by the ward on the bond, the judgment of the Probate Court was not subject to attack nor revision collaterally. Appellant was a party defendant in the bill of review action in the County Court, in which judgment the default was determined. That judgment was admissible in evidence in the instant case. 21 Tex.Jur., page 404, sect. 128, and cases there cited; also same text, page 411, sect. 132. In Whitfield v. Burrell, 54 Tex.Civ.App. 567, 118 S.W. 153, writ refused, it was held that the sure-

ties on the bond need not be made parties to the probate proceedings, but that the judgment of that court was binding upon them and required no additional evidence of their liability to support a judgment against them in a suit on the bond. We see no deficiency in the pleadings of appellee and no lack of proof to support the judgment thereunder.

The judgment rendered by the trial court was for only $1,000, which was the extent of the liability assumed by the appellant. We see no error in the action of the trial court, for which the judgment should be disturbed. The propositions and the assignments of error to which they are germane are all overruled. The judgment should be affirmed. It is accordingly so ordered.