**RAY et al. v. RAY et al.**
No. 2837.

Court of Civil Appeals of Texas. Eastland.
Dec. 1, 1950.

A. E. Nabors, Brownwood, for appellant.

J. C. Darroch, Brownwood, for appellee.

COLLINGS, Justice.

Appellees, Raymond Ray and Chester Calvin Ray, as plaintiffs, filed suit on June 2, 1950 in the District Court against appellants, Lee Monroe Ray and Alfred Edward Ray for the partition of certain real estate situated in the City of Brownwood. Plaintiffs alleged that the real estate was owned by Mrs. Beatrice Ray, a widow, who died intestate on November 5, 1949; that plaintiffs and defendants are sons and the only children of Mrs. Ray, deceased; that the estate owed no debts except 1949 taxes on the real estate sought to be partitioned and that there was no administration on her estate and no necessity therefor. Plaintiffs alleged that both defendants were of unsound mind and asked that an attorney ad litem be appointed to represent them. Plaintiffs further alleged that the real estate was incapable of being partitioned in kind and prayed that a receiver be appointed and authorized to sell same for the purpose of effecting a partition between the parties. Defendants Lee Monroe Ray and Alfred Edward Ray, by and through their attorney, Hon. J. C. Darroch, who was appointed by the court to represent them, filed answer and alleged, both by way of exception and in abatement, that defendants were persons of unsound mind; that they had no legal guardian and that the District Court did not have jurisdiction to order a sale of their interest in the land in question.

In a trial to the court without a jury, judgment was entered finding that defendants were of unsound mind; that they had no legal guardian of their estates; that plaintiffs and defendants each owned an undivided one-fourth interest in the property as the sole and only surviving heirs of Mrs. Beatrice Ray, deceased, who, prior to her death on November 5, 1949, owned such property in fee simple; that there was no administration on her estate and, in effect, that no administration was necessary. The court further found that the property was incapable of being partitioned in kind and a receiver was appointed and ordered to sell same and report such sale to the court for further action thereon. Defendants, by and through their attorney ad litem, have brought this appeal.

Two points are presented on appeal which urge, in effect, that since the pleadings and undisputed evidence show that appellants are persons of unsound mind, the District Court had no power to order a sale under a receivership of their interest in the property, and that only the County Court in a proper guardianship proceeding had power and jurisdiction to order such sale.

There is no dispute but that appellants are persons of unsound mind and have no legal guardian of their estates. We cannot agree, however, with appellants' contention that because of this fact the District Court was without power to partition the land among the joint owners and to sell it through a receiver if necessary to accomplish such partition.

■ Under the well established general rule and by statutory provisions a joint owner of real estate may compel a partition. Articles 6082, 6083, Vernon's Rev. Civ.Stat. of Tex.; Rule 756, Vernon's Tex. Rules of Civ.Procedure; 32 Tex.Jur., 162; Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 140 A.L.R. 1164.

■ Jurisdiction of suits for partition of real estate lies in the District Court. Art. 6083, supra; 11 Tex.Jur. 481.

The District Court appointed an attorney ad litem to represent the non compos

mentis defendants as required by Rule 173, Vernon's Tex.Rules of Civ.Procedure.

■ It has been repeatedly held in this State that the District Court has power to partition land which joint owners have acquired by inheritance if no administration is pending or necessary. 32 Tex.Jur. 179; Moore v. Moore, 89 Tex. 29, 33 S.W. 217; Zwernerman v. Rosenberg, Tex.Sup., 11 S.W. 150; Kay v. Thompson, Tex.Civ. App., 40 S.W.2d 884; White v. White, 142 Tex. 499, 179 S.W.2d 503; Elliott v. Elliott, Tex.Civ.App., 213 S.W.2d 459.

■ In the case at bar, plaintiffs and defendants were joint owners of the land in question as the only heirs of Mrs. Beatrice Ray, deceased. There was no administration on the estate of Mrs. Ray and the finding of the trial court that none was necessary is unquestioned. A District Court has the power to partition land among such joint owners.

The facts further show without dispute, that the property was incapable of partition except by sale and division of the proceeds. Under such facts a District Court has the power to order a sale of the land through a receiver and a partitioning of the proceeds among the persons entitled thereto. 30 Tex. Jur. 194, 195; Rule 770, Vernon's Tex. Rules of Civ.Procedure; Dunn v. Vinyard, Tex.Com.App., 251 S.W. 1043, 1048.

■ The basis of appellants' contention that the District Court had no jurisdiction to effectuate a partition of the land by ordering it sold and the proceeds divided among the parties, as we understand it, is that appellants are persons of unsound mind and that under the Constitution and Statutes of this State only the probate court in a proper guardianship proceeding has the power to order a sale. We cannot agree with this contention. Article 5, Sec. 16, Texas Constitution, Vernon's Ann. Stat., and statutory provisions vesting the County Court with general jurisdiction of probate matters appertaining to minors and insane persons, including Article 4195, providing for the sale of a ward's estate by a guardian, and Article 4223a, § 6 authorizing guardians to apply to the probate court for authority to bring suit in a District Court for partition of real estate belonging to the ward, do not indicate an intention to destroy or abridge the District Court's jurisdiction to partition real estate. On the contrary, such provisions readily lend themselves to an interpretation and construction which is in harmony with the specific provisions of Article 6083, supra, that suits for the partition of real estate shall be brought in the District Court. It is well settled that where Constitutional and Statutory provisions concerning the jurisdiction of various courts of this State are capable of being harmonized, so that each court may exercise the power conferred upon it without conflict with the authority placed in another, that such harmonious interpretation or construction will be indulged. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, and cases therein cited.

■ Under such an interpretation of our Constitution and Statutes, it is held that the fact that minors or persons non compos mentis are among the joint owners of land, does not defeat the jurisdiction of the District Court to effectuate a partition of such land by ordering it sold and the proceeds divided, where a division in kind cannot be had. Wall v. Wall, Tex. Civ.App., 172 S.W.2d 181 (W.R.W.M.); Moore v. Blagge, 91 Tex. 151, 38 S.W. 979, 41 S.W. 465; Laird v. Gulf Production Co., Tex.Civ.App., 64 S.W.2d 1080 (W.D.); American Indemnity Co. v. Padgett, Tex. Civ.App., 136 S.W.2d 254.

The judgment of the trial court is affirmed.