

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00051-CV

AMY BAKER                                                                                      APPELLANT

V.

CHELSEA BAKER AND DAKOTA                                              APPELLEES
BAKER

----------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 096-293112-17

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In one issue, Appellant Amy Baker challenges the trial court's order dismissing her partition lawsuit for lack of subject-matter jurisdiction. We will reverse and remand.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Amy and John Todd Baker[2] were divorced by decree on September 22, 2015. The divorce decree did not divide Amy's and J. Todd's community interests in a house located at 404 Sage Lane, Euless, Texas 76039 (the Property).

J. Todd died on May 21, 2017, leaving behind two adult children, Appellees Chelsea Baker and Dakota Baker. On July 7, 2017, Amy filed an original petition in the 96th District Court of Tarrant County, seeking a partition of the Property on the theory that because J. Todd died intestate, his interest in the Property immediately vested in Appellees, leaving them with a one-half ownership interest in addition to Amy's one-half ownership interest.

On July 10, 2017, Appellees filed an application for independent administration of J. Todd's estate in Probate Court No. 2 of Tarrant County. Appellees then filed a motion in the 96th District Court seeking dismissal of Amy's partition lawsuit for lack of subject-matter jurisdiction. Appellees argued that Probate Court No. 2 had exclusive jurisdiction over all causes of action related to the now-pending administration of J. Todd's estate. After Amy filed a response, the 96th District Court signed an order dismissing Amy's partition lawsuit.

---

[2]The briefs refer to John Todd Baker as "J. Todd." We adopt this usage.

2

On appeal, Amy raises a single issue challenging the dismissal of her partition suit for lack of subject-matter jurisdiction.

### III. APPLICABLE LAW

Whether a court has subject-matter jurisdiction is a question of law subject to our de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). "Subject[-]matter jurisdiction is 'essential to a court's power to decide a case.'" *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (quoting *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)).

The Texas Property Code provides that "[a] joint owner or a claimant of real property or an interest in real property may bring an action to partition the property or interest in a district court of a county in which any part of the property is located." Tex. Prop. Code Ann. § 23.002 (West 2014). Thus, "[j]urisdiction of suits for partition of real estate lies in the District Court." *Ray v. Ray*, 234 S.W.2d 933, 934 (Tex. Civ. App.—Eastland 1950, no writ). But a district court's jurisdiction over partition suits is not exclusive. *See Eris v. Giannakopoulos*, 369 S.W.3d 618, 620–21 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) ("The language of section 23.002 does not indicate a legislative intent that district courts have exclusive jurisdiction over partition actions; rather, the use of the word 'may' demonstrates a permissive, rather than mandatory, procedure.").

Pursuant to the Texas Estates Code, "A cause of action related to the probate proceeding *must* be brought in a statutory probate court unless the

3

jurisdiction of the statutory probate court is concurrent with the jurisdiction of a district court as provided by [s]ection 32.007 or with the jurisdiction of any other court." Tex. Est. Code Ann. § 32.005(a) (West 2014) (emphasis added). A "probate proceeding" includes an application, petition, motion, or action regarding estate administration, *id.* § 31.001(4) (West 2014), and a claim "related to the probate proceeding" includes an action for trial of the right to property that is estate property. *Id.* § 31.002(a)(6), (c); *see also Wallace v. Wallace*, No. 05-17-00447-CV, 2017 WL 4479653, at *3 (Tex. App.—Dallas Oct. 9, 2017, no pet.) (mem. op.). However, to trigger a statutory probate court's *exclusive* subject-matter jurisdiction over a cause "related to the probate proceeding," a probate proceeding must already be pending. *See Schuld v. Dembrinski*, 12 S.W.3d 485, 487 (Tex. App.—Dallas 2000, no pet.) (recognizing that "a court empowered with probate jurisdiction may only exercise its probate jurisdiction over 'matters incident to an estate'[3] when a probate proceeding relating to such matter is already pending in that court" (quoting *Bailey v. Cherokee Cty. Appraisal Dist.*, 862 S.W.2d 581, 585 (Tex. 1993) (op. on reh'g))); *Garza v. Rodriguez*, 18

<hr/>

[3]The current estates code provides a statutory probate court jurisdiction over a cause of action "related to the probate proceeding," Tex. Est. Code Ann. § 32.005(a), whereas the former probate code provided jurisdiction for "all matters incident to an estate." Act of May 14, 2001, 77th Leg., R.S., ch. 63, § 1, sec. 5(e), 2001 Tex. Sess. Law Serv. Ch. 63 (Vernon's), *repealed by* Act of May 29, 2011, 82d Leg., R.S., ch. 1338, § 1.42(b), 2011 Tex. Sess. Law Serv. 3884, 3905 (West). This wording change does not alter our analysis for purposes of this appeal; nor do the parties so contend. *See* 29 Tex. Jur. 3d *Decedents' Estates* § 801 (2014) (attributing no substantive difference to wording change).

4

S.W.3d 694, 698 (Tex. App.—San Antonio 2000, no pet.) ("[B]efore a matter can be regarded as incident to an estate . . . a probate proceeding must actually be pending.").

In light of the foregoing, courts have repeatedly concluded that a district court and a probate court can possess concurrent subject-matter jurisdiction over a variety of suits, including partition suits. *See, e.g.*, *Schuld*, 12 S.W.3d at 487 (holding statutory probate court did not have exclusive jurisdiction over partition suit); *Goodwin v. Kent*, 745 S.W.2d 466, 469 (Tex. App.—Tyler 1988, no writ) (concluding both district court and county court sitting in probate have at least "theoretical" authority to hear and decide a title issue regarding real property); *cf. Tovias v. Wildwood Props. P'ship, L.P.*, 67 S.W.3d 527, 529 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding "[n]either [probate nor district] court had exclusive subject[-]matter jurisdiction" over wrongful death suit but that "each had concurrent subject[-]matter jurisdiction").

## IV. ANALYSIS

Amy filed her partition suit in the 96th District Court on July 7, 2017. Three days later, Appellees filed an application for independent administration of J. Todd's estate in Probate Court No. 2. Thus, the 96th District Court had subject-matter jurisdiction over Amy's partition suit when she filed it. *See* Tex. Prop. Code Ann. § 23.002; *Ray*, 234 S.W.2d at 934. Yet Appellees' motion to dismiss Amy's partition suit did not address the legal significance of the fact that no probate proceeding was pending at the time Amy filed her partition suit. Instead,

5

Appellees' motion to dismiss Amy's first-filed partition suit for lack of jurisdiction is premised on the assertion that the 96th District Court lacks subject-matter jurisdiction over Amy's partition suit because of the subsequently-filed application for administration of J. Todd's estate. We cannot agree.

A statutory probate court's exclusive subject-matter jurisdiction over a related cause of action under section 32.005 of the estates code is triggered when a probate proceeding is pending at the time the allegedly related cause of action is filed. *See Schuld*, 12 S.W.3d at 487 (holding statutory probate court did not have exclusive subject-matter jurisdiction over partition lawsuit because probate statute providing for exclusive subject-matter jurisdiction was "not triggered" when no probate proceeding was taking place or pending when partition suit was filed); *Garza*, 18 S.W.3d at 698. Because no probate proceeding was pending at the time Amy filed her partition suit, the exclusive-subject-matter-jurisdiction provision of section 32.005 was not triggered.

Therefore, we hold that the 96th District Court erred by dismissing Amy's partition suit for lack of subject-matter jurisdiction, and we sustain Amy's sole issue.[4]

_____

[4]When a district court and probate court have concurrent subject-matter jurisdiction over a cause of action, "the issue is one of dominant jurisdiction," and "filing a dilatory plea in abatement is the proper method for drawing a court's attention to another court's possible dominant jurisdiction[.]" *See In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (orig. proceeding). However, no party has filed a plea in abatement or properly raised this issue in the trial court, so the question of dominant jurisdiction is not properly before us. *See Tovias*, 67 S.W.3d at 529 (reversing and remanding without deciding whether a plea in abatement should

6

## V. Conclusion

Having sustained Amy's sole issue, we reverse the trial court's dismissal order and remand the case for further proceedings consistent with this opinion.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and MEIER, JJ.

DELIVERED:  September 6, 2018

---

be granted because it would depend on what occurred in the trial court and "[t]hose evidentiary and discretionary matters are for the district judge, not us, to decide").

7